BOSWELL MOUGHON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Though the supreme court may think a case resting on circumstantial

evidence, admits of two opinions, where the charge of the court is perfectly fair and legal, and there have been two verdicts of guilty, both of them satisfactory to the presiding judge, and where the evidence strongly tends to support the conviction, the refusal of a new trial will not be disturbed.

2. Grossly improper remarks by a juror before his qualification may be explained by him, and if made solely for the purpose of avoiding jury duty, they will not render him incompetent.

3. A juror will not be heard to impeach the verdict by disclosures of what took place in the jury room in the course of the deliberations.

Criminal law. New trial. Jury. Before Judge WRIGHT. Dougherty Superior Court. April Adjourned Term, 1877.

Report unnecessary.

G. W. WARWICK; H. MORGAN, for plaintiff in error.

W. O. FLEMING, solicitor general, for the state.

BLECKLEY, Judge.

This is a second verdict of guilty. See 57 *Ga.*, 102. Each time the judge below acquiesced in the verdict, and refused a new trial. On the former writ of error, we thought the charge of the court slightly erroneous. The charge, as given on the last trial, is favorable to the prisoner, and no part of it is excepted to. The whole of it is set out in the record, and it is, in all respects, a proper and legal charge. The evidence is circumstantial, and admits of two opinions. Reasoning upon it fairly and impartially, different minds could arrive at opposite conclusions. This being so, the true question is whether the conclusion of the jury, approved by the judge who presided at the trial, shall stand, or whether the members of this court shall overturn the verdict on doubts, *mere doubts*, which they may entertain of the prisoner's guilt. He may not be guilty, but two juries of the vicinage have found him guilty, and the evidence is not absolutely insufficient. It has weak places, but the main facts go to

implicate the prisoner; and that some one perpetrated the offense admits of no question. With some hesitation we concur with the presiding judge in upholding the verdict.

2. As to the expressions by one of the jurors, used before he was sworn, a part of them in the presence and hearing of the prisoner's counsel, they were in a high degree unbecoming and improper. It seems, however, from the affidavit of one of the bystanders, that they were made "in a joking way;" and the juror's affidavit, though not as explicit as it might be, tends to show that all he said was said without prejudice or ill-will, and for the sole purpose of avoiding jury duty. He swears to his impartiality, and the judge, sitting on the various affidavits, in the capacity of trior, has pronounced him competent. The affidavits detailing his language, give him the look of a coarse and indelicate juror, and that look remains after his explanation has been heard, but the explanation has an air of truth about it as to the *motive*, more especially, as some of the remarks were made in the presence and hearing of prisoner's counsel. A person wanting to convict, and wanting to get on the jury for that purpose, would not have spoken in a way to induce the counsel to reject him. Counsel was thus put upon his guard.

3. The court's refusal to hear the affidavit of another juror, to prove the part taken by this one in making a verdict against the prisoner, was right. A juror should not be heard to impeach the verdict.

Cited for the prisoner, 5 *Ga.*, 85; 12 *Ib.*, 25. For the state, (sufficiency of evidence) 50 *Ga.*, 244, 249, 250; 6 *Ib.*, 276, 286; 49 *Ib.*, 12, 17; 10 *Ib.*, 524; 55 *Ib.*, 325; *Griggs vs. The State*, this term: (competency of juror) 16 *Ga.*, 200, 202; 45 *Ib.*, 279; 11 *Ib.*, 616; 18 *Ib.*, 194, 216.

Judgment affirmed.