### FISHER *vs.* THE STATE OF GEORGIA.

1. The verdict is abundantly supported, if not required, by the evidence.
2. Exceptions to the admission of evidence, without stating any ground of objection thereto, raise no issue which this court can decide.
(a.) Where several railroad cars were plundered at the same station. and near the same time, and several defendants were jointly indicted and charged with breaking and entering a railroad car, on the separate trial of one, the fact that the same class of goods missed from such broken and rifled cars were found in the possession of each of them was admissible, both to establish a conspiracy and to implicate the defendant in the guilt of his associates.,
3. The ground of objection to the admission of evidence should be stated.
(a.) On an indictment for breaking and entering a railroad car, the state is not confined to the day named in the indictment.
4. That the court remarked, in admitting evidence offered by the state, and which he at first rejected, that he would give the state the benefit of the doubt as to the law, and the defendant would have

the benefit of the doubt before the jury, was not error requiring a reversal.

5. Where exception is taken to a long extract from a charge covering several propositions, without specifying any error therein, if any part of it be correct, the exception cannot be entertained.

6. A ground of a motion for new trial which is not verified will not be considered.

(*a*.) An affidavit in support of a ground of a motion for new trial, which is neither set out in the bill of exceptions nor properly verified in the record by the judge, is not properly before this court.

(*b*.) What occurs in open court, in the presence of the judge and the parties, should be made to appear by the certificate of the presiding judge, and not by affidavits.

7. A juror cannot impeach his verdict, and where a ground of a motion for new trial was to the effect that a Code was in the jury-room and was read by one of the jurors to his fellows, a new trial will not be granted alone on his affidavit to that effect.

8. An exception that the court, over the objection of defendant's counsel, admitted certain freight bills and loss reports of the Georgia Railroad, described and set out in the brief of evidence, without referring to any particular papers, or the ground of objection thereto, or the ruling of the court thereon, is too general, and raises no question for decision by this court.

December 19, 1884.

Criminal Law. Practice in Supreme Court. Evidence. Larceny. Practice in Superior Court. Charge of Court. Jury and Jurors. Before Judge LAWSON. Greene Superior Court. March Term, 1884.

Three Fishers and two Nolans were jointly indicted for breaking open a railroad car and stealing goods, etc., therefrom. John Fisher was tried separately. The evidence for the state showed, in brief, as follows: Depredations were being committed on the freight of the Georgia Railroad. Cars were broken open, locks wrenched off and goods stolen. Defendant, his two brothers and the two Nolans were suspected of being implicated. A pile of goods was found near the depot. A mysterious horseman was seen going from that direction before daylight; his tracks were followed, and they led to John Nolan's, who admitted that he was the man. He also tried to get a key

made to fit a Georgia Railroad lock. A car was broken open, the lock wrenched off and corn stolen. Investigation was had; one of those making it was sent to defendant's, and there obtained whiskey and tobacco and saw white goods. He went on to Nolan's (which was about one and one-half miles away) and there saw coffee, cloth, etc. Defendant, his mother, sister and one brother lived together. A search warrant was taken out, and the party proceeded to their place of residence. He proposed to go after his mother, saying that it was her house and she was not there. The party declined, telling him to remain with them. He then proposed to go out, saying something about getting wood for the fire, but he was again detained. The search proceeded, and a considerable amount of goods, tobacco, shoes, cloth, etc., and a small amount of corn, were found. Some of them were hidden under the mattresses of the bed in the room where he slept. Defendant denied knowing anything about them at first, but subsequently said that his brother had bought them. Locks of the Georgia Railroad, in a broken condition, were found at this house; also some empty sacks in the room where he stayed. At Nolan's other goods and corn were found. The property found, both at defendant's and Nolan's, was identified as being parts of the same stolen lots. A short time before the trial, a sister of the defendant, who was also his principal witness, wrote a letter for her mother to a merchant in Athens, begging him to send her at once bills of everything her boys had bought from him in the past five years, boots, shoes, calico, coffee, etc., saying that she would never forget him, and that she would pay him well for his trouble.

The evidence for the defendant consisted of the following: Two witnesses testified to having lived near him, and having heard nothing against him before this transaction. One of them said there was another scrape, but defendant and the others involved came clear; that two others of the

family were considerably talked about, but he never heard anything detrimental to defendant.

Another witness testified to selling defendant 119 pounds of sacked corn, one pair shoes and seventy-five cents' worth of meat. Defendant's sister also testified that she had given her brother $25.00 to buy cloth, etc., for her in Athens; that she bought sheeting at different times, and that certain goods belonged to her and other goods to another brother. She denied any concealment, or knowing anything about the railroad locks.

Defendant was found guilty. He moved for a new trial, on the following grounds:

(1) to (3.) Because the verdict was contrary to law and evidence.

(4.) Because the court admitted evidence as to other property than corn being in the house of defendant. The objection was that corn was the only property in the car broken.

(5.) Because the court admitted, over the objections of defendant's counsel, evidence as to what goods were found at the house of John Nolan, and of any acts of the said John Nolan.

(6.) Because the court admitted in evidence, over objections of defendant's counsel, proof as to the breaking and entering other and different cars at other and different times than that charged in the indictment.

(7.) Because the court erred in this, to-wit: After sustaining the objections of the defendant's counsel as to the admission of testimony as to the breaking of other cars than the one mentioned in the indictment, the court then said, in the hearing and presence of the jury, " I will reverse my ruling, and admit testimony as to the breaking of other cars in this case. I will give the state the benefit of the doubt as to the law. The prisoner will have the benefit of the doubt before the jury."

(8.) Because the court charged the jury as follows: " Counsel for the state contend that there exists an asso-

ciation or confederacy of thieves, who have, from time to time for months past, broken and robbed the cars of the Georgia Railroad, and that the defendant is a member of that association. They have had him indicted jointly with four others. The court permitted the introduction of the testimony above mentioned (reference being had to the breaking other cars and finding other goods) in order that you might ascertain whether or not there did exist such a clan, whether or not the defendant is a member of it, and whether or not they have been guilty of a continuous series of crimes of the nature of the one charged. If you are satisfied that such a confederacy does exist, and that the defendant is a member of it, then you may convict the defendant under the indictment, though others may have done the actual breaking and stealing; if he was co-operating with them in the execution of the deed, and if all were actuated by a common purpose to break and steal; and if there is such a confederacy, and the goods found in the possession of the defendant, if any, were stolen from other broken cars, then you should consider his conduct in relation to these goods as a circumstance relative to his guilt of the crime charged. Is there such a clan? Is the defendant a member of it? Did the defendant and others of the alleged clan have possession of car locks of the Georgia Railroad? Has it, at divers times and places, broken and stolen goods from the Georgia Railroad cars? Were such goods found concealed in the possession of this defendant and his alleged associates? Are these things proven to your satisfaction? If so, and if you can legitimately reason from the existence of these facts to the ascertainment of the party who committed the crime charged in the indictment, if committed at all, it is your prerogative to do so; and if such course of legitimate reasoning leads you to a moral and reasonable conviction of the defendant's guilt, you would be authorized to convict him."

(10.) Because the court admitted in evidence, over the

objections of defendant's counsel, certain freight bills and loss reports of the Georgia Railroad and Banking Company, described in the brief of evidence and other papers attached to said freight bills.

(11.) Because the court committed error in not having all of the jury polled, he having been requested to do so by defendant's counsel before any of said jury had dispersed. [In support of this ground, counsel for defendant read the affidavit of one of the jurors, stating that his name had not been called in polling the jury. As a counter-showing, the state read the affidavit of said juror, stating that, while his name was not called, yet he agreed to the verdict, and he would have so stated if called. This affidavit appears in the record along with the motion, but is not identified by the signature of the judge. The presiding judge certified that he ordered the jury to be polled; that he ran his finger down the list as the clerk called them; thought they were all called, and if any were omitted, it was without his consent or knowledge.]

(12.) Because the Code of Georgia of 1873 was allowed to remain in the jury-room during the whole time that the jury were deliberating on the case, and one of the jury read to the others from said Code the law that he thought bore on said case, which facts were unknown to defendant or his counsel until after the jury had rendered their verdict. [In support of this ground, counsel for defendant read the affidavit of the foreman of the jury, setting forth the truth of the facts stated; and the affidavits of the defendant and his counsel were also read, stating that they had no knowledge of said Code being in said room. These affidavits appear in the record along with the motion, but are not identified by the signature of the presiding judge or otherwise than by preceding the clerk's certificate to the record.]

The court overruled the motion, and defendant excepted.

Wm. H. Branch; James B. Park; Columbus Heard, for plaintiff in error.

ROBERT WHITFIELD, solicitor general, by J. H. LUMPKIN, for the state. ·

HALL, Justice.

1. Every question made by this motion for a new trial has been repeatedly determined by this court. Passing over the first three grounds, that the verdict is contrary to law and evidence, etc., with the remark that it accords strictly with both, and is abundantly supported, if not imperatively required, by the evidence, we are brought to the 4th and 5th grounds of the motion, both of which complain of the admission of evidence, over defendant's objections, without stating any ground of objection.

2. We have so often determined that such general objections raise no issue upon which a decision can be made, that it is unnecessary to do more than mention their insufficiency for any purpose. In this case, we must conclude that the evidence was let in to establish a conspiracy between this defendant and his co-defendants and confederates in this wholesale plunder of goods deposited in the cars of the Georgia Railroad; and the fact of the same class of goods missed from the broken and rifled cars being found in the possession of each of them, was clearly competent, not only to establish the conspiracy, but to implicate the defendant in the guilt of his associates. *Wormley's* case, 70 *Ga.*, 721; *Wilkerson's* case, present term.

3. The next ground is open to the same general objection. But if the reason of the objection to the evidence had been stated, rather than remotely suggested, we think it was admissible. It is true that the indictment alleged the breaking of the car and the stealing therefrom to have occurred on or about the 15th day of January, 1884; and it further appears from the evidence that a car loaded with corn was broken and pillaged on that day. In that particular car there were no goods of the description of those which the indictment charged to have been stolen, but

other cars, which had been broken and despoiled about that time, did contain goods of that description. The state is not confined in its proof, however, to the day named in the indictment. *McBride's* case, 34 *Ga.*, 202; *Cook's* case, 11 *Id.*, 53.

4. The next ground of the motion complains of a remark made by the judge, in admitting evidence that he had at another stage of the trial repelled, to the effect that, while he had doubt as to the law applicable thereto, he would give the state the benefit of the doubt, and defendant might have before the jury, not only the benefit of that, but, as it seems, of all other doubts, whether of law or fact. The judge was doubtless inclined to this course from the inability of the state, in case of an acquittal, to except to the decision and bring it by writ of error to this court for final adjudication. We have solved the doubt by deciding that the evidence was competent, and see no possible injury the remark could have done the defendant; in fact, we think it was more in his favor than against him. The question, however, is not an open one, having been settled by this court in *Cook's* case, *ut supra.*

5. The next ground of this motion objects generally to a long extract from the judge's charge, and fails to specify any error therein. We think the charge, as a whole, correct. We are unable to discover wherein it is erroneous. Even if any part of it were proper, this, under our repeated rulings, and under the requirements of the Code, §4251, that the "decision complained of and the alleged error," shall be "plainly specified," prohibits us from entertaining this exception.

6. The next ground of the motion (the 11th) is not verified by the judge. The jury was polled at the request of the plaintiff's counsel; one of them makes affidavit that his name was not called, and that he did not answer to the poll, but he says that he agreed to the verdict, and had his name been called, he would have so responded. All this occurred in the presence of the court and of

the parties. It was the duty of the defendant and his counsel to have attended to the polling of the jury, and if there was any omission of a juror in the polling, to have called attention to the fact. This affidavit is not set out in the bill of exceptions, and no reference is made to it, either in that or in this ground of the motion. It appears in the transcript of the record, and is there without verification or identification by the judge. We do not know how it got there, or whether it was in fact the affidavit that was before the court on the hearing of the motion for a new trial. Besides, it is a new practice to resort to affidavits to establish facts that transpired in open court and in the presence of the judge and the parties. There is neither precedent nor authority for it, and we are unwilling to depart from the accustomed course, when by doing so we set an example by which unseemly controversies may arise between the bench and the parties and their witnesses. We must look alone to the certificate of the judge as to matters that transpired in his presence.

7. The next ground of the motion which we will notice relates to the fact that a Code was in the jury-room, and that during their deliberation one of the jurors read to his fellows the law he supposed applicable to the case. Whether this fact, if properly brought to the notice of the court, would have been sufficient to set aside the verdict need not be decided. This ground of the motion rests solely upon an alleged affidavit of the juror, and he cannot be heard to impeach the verdict. No reference is made to any such affidavit, either in the bill of exceptions or the motion, and although an affidavit of that kind is brought up in the transcript, it is there without identification or verification or any order of the court in relation to the same. 59 *Ga.*, 308, 711.

8. There remains only one other ground of this motion to be noticed, the 10th, which is, that the court admitted certain freight bills and loss reports of the Georgia Railroad and Banking Company, described and set out in the

brief of evidence, over defendant's objection. It is needless to remark that this objection, whatever it may have been, refers to no particular papers, states no ground of objection, specifies no particular ruling of the court below on any designated question, and leaves us to guess what it was that was objected to, on what ground the objection rests, or what question is made by this alleged error for our determination.

Judgment affirmed.