MANSELL F. McBRYDE, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error. GEORGE W. AMOS, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1] The proof of guilt is not confined to the day mentioned in the indictment. It may extend to any day previous to the finding of the bill and within the stautory limits for prosecuting the offence.

McBryde vs. The State, etc.,

[2] When the offence was laid at a time when the law prohibiting the offence had been changed, and the penalty greatly increased, and the offence is proved to have been committed when the old law was in force, and there is nothing in the record to warrant the belief that the penalty imposed was inflicted under the new law, and not the old—this Court will presume that the punishment was inflicted under the old law.

Indictment for Gambling.   In Talbot Superior Court. Tried before Judge WORRILL.   March Term 1865.

These two cases were heard together in the Supreme Court. As they both involved precisely the same points, it will be sufficient to state the facts in one of them only.

McBryde was indicted for playing and betting at cards. The indictment was found at March Term 1863, of Talbot Superior Court; and it laid the offence as committed on the 3d day of March 1863.   At the trial, the State proved the charge fully, except that the time of the offence, as fixed by the evidence, was in September 1862.   There was no evidence, whatever, of any playing or betting in 1863.

Counsel for the accused requested the Court to charge the jury that they were bound to acquit him because of this discrepancy in time.   The Court refused so to charge, and on the return of a verdict of guilty, imposed a fine upon the defendant of one hundred dollars.   This is complained of as error.

BETHUNE, for plaintiffs in error.

No appearance for defendant.

LYON, J.

We see no error in the charge of the Court complained of.

[1] Nothing is better settled, than that proof of guilt is not confined to the day mentioned in the idictment.   It may extend back to any period previous to the finding of the bill and within the statutory limits for prosecuting the offence.

*Cook vs. The State,* 11 *Geo.,* 53. *Wingard vs. The State,* 13 *Geo.,* 396. There is no complaint that the offence proved was barred by the statute of limitations.

[2] Counsel for the plaintiffs made this point: that they were tried and punished under a law not in force when the offence was committed; and that, in consequence, the penalty imposed upon them, as to the amount of the fine and cost of the proceeding was much greater than it could or would have been under the law as it stood when the offence was committed. If the fact was true, the point would most unquestionably be good; but there is nothing in the record to sustain the position taken by counsel. There is nothing to raise even a suspicion that the plantiffs were not tried and sentenced imposed under the law as it stood when the offence was committed. It is true that the Court fined the plaintiffs one hundred dollars each, the extent of the penalty under the old law; and that is, we suppose, what the Court intended. If the punishment had been inflicted under the new law, he might have put the fine at five hundred dollars, instead of one hundred dollars. The object was, to suppress the commission of the crime; and the Judge took the proper course to accomplish that object, by fining to the extent of the law. Upon this aspect of the case, we must presume that the penalty was imposed under the old law as it stood when the offence was committed. Something was said in the argument about the costs being more under the new law, than the old. That is true; but when an attempt is made to collect costs according to the fee bill of the new, rather than that of the old law, under which the offence was committed, then will be the time for complaint. Of course, the costs can only be taxed under the law which was in force when the crime was committed.