27330.   CLENNEY v. THE STATE.

ARGUED JULY 10, 1972—DECIDED OCTOBER 5, 1972.

*Frank K. Martin,* for appellant.
*E. Mullins Whisnant,* District Attorney, *Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Courtney Wilder Stanton, W. Hensell Harris, Jr.,* Assistant Attorneys General, for appellee.

MOBLEY, Chief Justice. Bobby Ray Clenney was convicted of the offense of armed robbery and sentenced to life imprisonment. The appeal is from this conviction and sentence.

1. The appellant contends that the judge presiding at his trial was personally prejudiced against him and had a preconceived opinion as to his guilt; and that the judge made statements in open court while acting in his judicial capacity as to his personal opinion of the appellant and as to the guilt of the appellant. It is contended that such personal prejudice and preconceived opinion as to the appellant's guilt denied him due process of law and equal protection of the laws as guaranteed him under the Fourteenth Amendment of the United States Constitution, and denied him impartial administration of criminal justice as required by Art. I, Sec. I, Par. II of the Constitution of Georgia. The statements by the trial judge were made at a hearing out of the presence of the jury, in which the appellant sought to have evidence as to a line-up suppressed. At one point in this hearing the judge stated: "It is an observation of the court that he was in the company of Jimmy Don Hall and there is very little doubt in the court's mind of whether he is guilty." Just before ruling that the line-up would be suppressed, the judge stated: "Once upon a time, we could operate this way but the Supreme Court—they are protecting these thieves and criminals."

Counsel for the appellant concedes that under *Code Ann.* § 24-102, which states the grounds of disqualification of a trial judge, personal bias or prejudice is not a ground of disqualification, and this court has held in a number of cases that the statutory grounds of disqualification are exhaustive. *Jones v. State,* 219 Ga. 848, 849 (136 SE2d 358); *Stevenson v. Stevenson,* 222 Ga. 47, 50 (148 SE2d 388); *Thacker v. State,* 226 Ga. 170, 175 (173 SE2d 186).

The statements by the trial judge indicating that he believed the appellant guilty and criticizing "the Supreme Court" were ill-advised, but they were not expressed before the jury and could not have influenced the decision of the jury to find the appellant guilty of the crime charged.

Counsel does not point out any place in the record, and we have found none, where the judge intimated any opinion in the presence of the jury as to the guilt of the appellant. The record indicates that the trial was conducted in a fair and impartial manner, and the appellant was not denied due process of law, equal protection of the laws, or an impartial administration of justice.

2. It is claimed by the appellant that there was no proof beyond a reasonable doubt of his identification as the person committing the armed robbery with which he was charged.

The appellant was positively identified by two witnesses who were in the store where the robbery occurred as being the armed man who came in the store and demanded the money. Another witness testified that he looked like the person who committed the robbery. It was the duty of the jury to decide whether to believe these witnesses rather than the witnesses for the appellant who testified that he was at another place at the time of the robbery. *Thompson v. State,* 204 Ga. 407, 412 (50 SE2d 74). There is no merit in this contention.

3. It is asserted that the trial judge erred in allowing in evidence the testimony of O. C. Cole, after it had been established that the appellant had been placed in a line-up while under illegal arrest. It is contended that Mr. Cole's identifying testimony was fatally "tainted" by seeing the appellant while he was under illegal arrest, and it was incumbent on the court to make an initial determination as to whether Mr. Cole's in-court identification was "tainted" by pre-trial encounters with the appellant while he was in custody by virtue of an illegal arrest.

No objection was made to Mr. Cole's testimony at the trial, and we can not consider the objection made for the first time in the enumeration of errors.

4. It is asserted that the trial judge erred in allowing in evidence, over timely objections, certified copies of the appellant's previous convictions, in which he was denied benefit of counsel. The records of these convictions were

introduced at his pre-sentence trial on the question of punishment, as provided by *Code Ann.* § 27-2534 (Ga. L. 1970, pp. 949, 950; Ga. L. 1971, p. 902), over the objection of counsel for the appellant that the records did not show that the appellant was represented by counsel at the time of the entries of the guilty pleas. It appears from the transcript that some of the records show that the appellant was represented by counsel, and in some of them there is nothing to indicate that he had counsel.

The United States Supreme Court in Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR2d 733), established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth Amendment, making it unconstitutional to try a person for a felony in a state court unless he had counsel or had made a valid waiver of counsel. In Burgett v. Texas, 389 U. S. 109, 115 (88 SC 258, 19 LE2d 319), it was held: "To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right." See also United States v. Tucker, 404 U. S. 443 (92 SC 589, 30 LE2d 592).

The question of applying the case of Gideon v. Wainwright retroactively as to the introduction in evidence of records of convictions which were obtained prior to the date of Gideon v. Wainwright was considered in Loper v. Beto, 405 U. S. 473 (92 SC 1014, 31 LE2d 374), and it was held that Gideon v. Wainwright had been given retroactive application in direct attacks on convictions, and the rationale for such ruling would require that it be given retroactive application where records of previous convictions were introduced in evidence in subsequent trials.

This court's opinion in *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892), relied on by the State, in which we stated

that we would make prospective application only of the decision in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274), has no bearing on the question in the present case. The Boykin case dealt with the voluntariness of a guilty plea, and not with the lack of representation by counsel.

In Carnley v. Cochran, 369 U. S. 506 (82 SC 884, 8 LE2d 70), it was held that presuming waiver of counsel from a silent record is impermissible.

In the present case no attempt was made by the State to show that the appellant had intelligently and understandingly waived assistance of counsel as to those convictions wherein the records fail to disclose that he had counsel. It was error to allow the introduction in evidence of the record of the felony convictions which did not show that the appellant was represented by counsel. The introduction of these records, over objection, requires the grant of a new trial on the issue of punishment.

*Judgment affirmed as to the conviction; reversed as to the sentence. All the Justices concur.*