## 49688. FOWLER v. THE STATE.

CLARK, Judge.

Following a guilty verdict, records of defendant's two Suwannee County, Florida, convictions were admitted into evidence, without objection, during the sentencing phase under our former bifurcated procedure. These records fail to show whether defendant either had, or knowingly and intelligently waived, assistance of counsel. These certified copies were simply silent concerning this feature. The question thereby presented in this appeal is whether admissibility of these prior convictions without objection requires a new trial as to the sentencing phase.

1. "In Carnley v. Cochran, 369 U. S. 506 (82 SC 884, 8 LE2d 70), it was held that presuming waiver of counsel from a silent record is impermissible.

"In the present case no attempt was made by the State to show that the appellant had intelligently and understandingly waived assistance of counsel as to those convictions wherein the records fail to disclose that he had counsel. It was error to allow the introduction in evidence of the record of the felony convictions which did not show that the appellant was represented by counsel." *Clenney v. State,* 229 Ga. 561, 565 (192 SE2d 907).

2. Where illegal evidence of prior convictions is admitted during the sentencing phase of the trial, the sentence is void, and it is of no consequence; therefore, that defendant failed to object to the admission of the evidence. *Hopper v. Thompson,* 232 Ga. 417 (207 SE2d 57).

*Judgment reversed as to sentence. Bell, C. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 10, 1974 — DECIDED OCTOBER 4, 1974.

*Thomas M. West, James C. Bonner, Jr.,* for appellant.
*Richard Bell, District Attorney, Edward H. Kellogg, Jr., Assistant District Attorney,* for appellee.