50033. KNIGHT et al. v. THE STATE.

Stolz, Judge.

Defendants Knight and Suttles appeal from their convictions of burglary, for which they were sentenced to 7 and 5 years respectively.

1. The admission in evidence of photographs of the interior of the burglarized house, taken on the day after the crime was committed and showing ransacking of the house, was not error. " 'One of the exceptions to the rule that on prosecution for a particular crime evidence which tends to show that the defendant committed another crime wholly independent from that for which he is on trial is irrelevant and inadmissible, is where the other crime is a part of the res gestae [cits.],' " *Katzensky v. State,* 228 Ga. 6, 7 (183 SE2d 749) and cit., or "where such evidence of other criminal transactions . . . tends . . . to

show a course of conduct pointing toward and leading to the crime. . ." *Spurlin v. State,* 228 Ga. 2, 5 (183 SE2d 765) and cits. The photographs were taken soon after the commission of the burglary and depicted conditions which could be found to have been caused by the search for loot to be stolen, hence authorizing the finding that the ransacking was a part of the res gestae of the burglary. "Georgia follows a liberal policy in the admission of photographic evidence. *Cagle Poultry & Egg Co. v. Busick,* 110 Ga. App. 551, 552 (139 SE2d 461)." *Eiland v. State,* 130 Ga. App. 428, 429 (203 SE2d 619). Furthermore, the admission of the evidence, even if erroneous, was not harmful since the victim had testified earlier, without objection, as to the ransacking which the photographs depicted. See *Waters v. State,* 122 Ga. App. 808, 810 (178 SE2d 770) and cits.

2. Appellant Suttles contends that the trial judge erred in considering, during the pre-sentence hearing pursuant to Code Ann. § 27-2503 (a) (Ga. L. 1974, pp. 352, 357), three prior convictions, which he objected to as having been obtained without benefit of counsel. If the record showed that such convictions were considered in the pre-sentence hearing, a new trial on the issue of punishment would have to be granted. *Clenney v. State,* 229 Ga. 561, 563 (192 SE2d 907). The transcript of the pre-sentence hearing reveals that the judge, addressing appellant Suttles, said, "Since you don't have a prior criminal record, I will sentence you to serve five years in confinement." Therefore, the mention of the prior, allegedly defective convictions, was not harmful to the defendant, since the judge, as the sentencer, discounted their effect in fixing the sentence.

3. "There is no requirement of our law that a trial judge warn the jury against the possible danger of mistaken identification of an accused, and it was not error to refuse to give requested instructions on this subject." *Young v. State,* 226 Ga 553 (7) (176 SE2d 52). The charges requested in the case sub judice were substantially similar to those in the *Young* case, and the trial judge stressed the necessity for the offense charged to be proved beyond a reasonable doubt, as was done in *Young.*

4. The motions for directed verdict of acquittal and for a new trial were properly overruled. The verdict was authorized by evidence that, after the burglary, a truck owned by defendant Suttles, with an unidentified male driver and defendant Knight as passenger, was seen driving in the vicinity of the scene of the crime, loaded with the stolen property; that defendant Knight and the driver, dressed in clothing like that which defendant Suttles had worn that day, fled and escaped when pursued; and that both defendants were found together in Florida 16 months later.

*Judgment affirmed. Deen, P. J., concurs. Evans, J., concurs in the judgment only.*

SUBMITTED JANUARY 13, 1975 — DECIDED JANUARY 30, 1975.

*Crudup & Howell, John P. Howell,* for appellants. *John T. Strauss, District Attorney,* for appellee.