### 51086. MITCHELL v. THE STATE.

Stolz, Judge.

The defendant appeals from his conviction of one count of forgery in the first degree and five counts of forgery in the second degree, and the sentences therefor.

1. The verdict and judgment were authorized by evidence that the defendant attempted to cash a stolen check to pay for certain attempted purchases; that when the store owner refused to cash the check, the defendant fled rapidly in an automobile; that the automobile, when subsequently stopped by the sheriff, contained the defendant as a passenger and, as revealed by a search under warrant, the crumpled-up check he had attempted to cash (at his feet) and five more checks stolen from the same maker (three under the driver's seat and two in the glove compartment).

2. Enumeration of error 1 contends that the checks introduced in evidence, ownership or proprietary interest in which the accused denied, and which were taken from the automobile of another in which the accused was a passenger, were inadmissible as the fruit of an illegal search and seizure, on the ground of the insufficiency of the warrant on its face. "In *Dutton v. State,* 228 Ga. 850 (1) (188 SE2d 794) it was held: 'The right to object to an unreasonable search and seizure is a privilege which is

personal to those whose rights have been infringed, and the appellant here was not entitled to object to the search of an automobile which was not his property or in which he had no right of exclusive possession.' " *Dixon v. State,* 231 Ga. 33 (5) (200 SE2d 138). See also *Shelton v. State,* 111 Ga. App. 351 (8) (141 SE2d 776); *Norrell v. State,* 116 Ga. App. 479 (3) (157 SE2d 784) and cits. The motion to suppress the evidence was properly denied.

3. Enumeration of error 2 contends that the defendant was denied due process of law when the state, upon cross examination of the defendant, elicited from him admissions of his prior convictions of other offenses, without showing that the defendant either had had or had waived counsel in such prior convictions. The state contends that the evidence was admissible to impeach the defendant's statement on direct examination, "I always believed in the law and always lived by the law," which allegedly put his character in evidence.

"In Loper v. Beto, 405 U. S. 473 (92 SC 1014, 31 LE2d 374), the Supreme Court of the United States held that the use of convictions constitutionally invalid under Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR2d 733), to impeach a defendant's credibility, deprives him of due process of law. See also Burgett v. Texas, 389 U. S. 109 (88 SC 258, 19 LE2d 319); *Clenny v. State,* 229 Ga. 561, 563 (192 SE2d 907)." *Turner v. Hopper,* 231 Ga. 672, 673 (203 SE2d 481). Burgett v. Texas, 389 U. S. 109, 115, supra, holds that such use is prohibited "either to support guilt or enhance punishment for another offense."

In *Turner v. Hopper,* supra, p. 673, the court held that "A fair interpretation of the language in the appellant's statement, considered in the context of the whole statement, leads inescapably to the conclusion that the appellant was denying only the commission of the robberies with which he was presently charged, and his prior conviction was not admissible to impeach this language." A similar conclusion might possibly be reached from the statement in the case sub judice; however, rebuttal evidence for even this limited purpose would still be subject to the prohibition of convictions constitutionally invalid.

Notwithstanding the above, however, the record discloses that counsel for the defendant neither objected to the admission of the evidence during the trial nor complained of it in his amended motion for new trial. "Objections to evidence cannot be raised for the first time either in a motion for new trial or on appeal, and the admission of evidence will not be reviewed by this court where no objection was made below to its admission." *Edwards v. State,* 224 Ga. 684, 685 (164 SE2d 120) and cits.; *Perry v. State,* 105 Ga. App. 776 (1) (125 SE2d 666); *Harrold v. State,* 105 Ga. App. 853 (1) (126 SE2d 278); *Dowling v. Camden County,* 113 Ga. App. 34 (3) (146 SE2d 925) and cit. " 'A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' " *Scott v. State,* 229 Ga. 541, 547 (192 SE2d 367); *Thompkins v. State,* 126 Ga. App. 683 (1) (191 SE2d 555); *Reid v. State,* 129 Ga. App. 41 (3) (198 SE2d 358). Accordingly, this enumerated error can not be reviewed, as the trial judge has not had an opportunity to rule thereon.

4. Enumerated error 3 is the trial judge's considering, during the pre-sentence hearing, evidence of the defendant's prior convictions, there being no showing by the state that, as to the prior convictions, the appellant had benefit of, or had waived, counsel.

Code Ann. § 27-2503 (a) (Ga. L. 1974, pp. 352, 357) contains the mandatory provision that in pre-sentence hearings "only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible." However, this provision does not apply where the evidence had been brought out without objection during the trial. (See Division 3, above). Moreover, an examination of the record in this case affirmatively reveals that the defendant's counsel participated in the exchange of conversation from which the information regarding the defendant's prior conviction of burglary, while a juvenile, was again discussed. Here again, the defendant's counsel made no objection. The defendant's third enumeration of error is without merit.

*Judgment affirmed. Deen, P. J. and Evans, J., concur.*

Submitted September 10, 1975 — Decided October 7, 1975— Rehearing denied October 31, 1975 — 

*Strickland & Costley, John Virgil Costley, Jr.,* for appellant.

*John T. Strauss, District Attorney, Cecil T. Blanton, Assistant District Attorney,* for appellee.