## 51156. HARRISON v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of robbery by intimidation and his ten-year sentence (which was reduced, upon the defendant's motion, from the original fifteen-year sentence).

1. The verdict and judgment were authorized by evidence that an eyewitness identified the defendant as the one who stood about a foot and a half from her, pointed a gun at her, had her fill up a sack with $150 to $170 worth of currency from the store's cash register, then fled; that the defendant had his customary mustache and goatee at the time of the robbery, but had shaved off his goatee two days later; that coveralls matching the description of those worn by the robber, and a jacket with $100 worth of currency stuffed in its pocket, were found at the defendant's home when he was arrested. The jury was not bound to believe the defendant's conflicting, uncorroborated version of the facts.

2. The defendant enumerates as error the trial judge's considering in aggravation of punishment, in the

pre-sentence hearing required by Code Ann. § 27-2503 (a) (Ga. L. 1974, pp. 352, 357), a prior conviction of burglary based on a guilty plea.

Section 27-2503 (a), supra, contains the *mandatory* provision that "only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible." The state introduced no evidence in aggravation in the pre-sentence hearing in this case; however, the defendant, under questioning by the judge, admitted to prior convictions of theft by taking and driving under the influence, as well as the burglary conviction complained of. The judge had in his possession, from some source, the indictment for the burglary conviction, which apparently did not show on its face whether the defendant had been represented by counsel or had waived counsel in entering the previous guilty plea, since the judge asked him, "did you employ a lawyer or was a lawyer appointed to represent you?" The defendant replied, "No, no lawyer," and upon being asked, "Well, you had a lawyer, didn't you?" answered, "I don't know, sir."

It is settled that presuming counsel or waiver of counsel from a silent record is impermissible, that evidence of prior convictions which fails to disclose assistance of counsel or an intelligent and understanding waiver thereof is illegal, and that the admission in evidence at the pre-sentence hearing of such illegal evidence voids the sentence, even in the absence of objection. *Fowler v. State,* 132 Ga. App. 812 (209 SE2d 255) and cits. Therefore, the admission of the prior conviction of burglary (as well as the other convictions) in the pre-sentence hearing, was reversible error for the reasons that (1) there were no certified copies of the convictions, introduced by the state after timely pre-trial notice thereof to the defendant, and (2) the record fails to affirmatively show that the prior convictions were constitutionally valid.

The recently decided case of *Knight v. State,* 133 Ga. App. 808 (2) (212 SE2d 464) held that "the mention of the prior, allegedly defective convictions, was not harmful to the defendant, since the judge, as the sentencer, discounted their effect in fixing the sentence." In the case

at bar, however, the trial judge personally and actively solicited from the defendant admissions of three separate, prior convictions, indicating his willingness and intention to consider them in aggravation of punishment in spite of their infirmities, which have been pointed out hereinabove.

The sentence is, therefore, void, and the case is remanded for the purpose of a new trial on the issue of punishment only.

*Judgment affirmed as to the defendant's conviction; reversed as to the sentence and remanded for a new trial on that issue only. Deen, P. J., and Evans, J., concur.*

SUBMITTED SEPTEMBER 10, 1975 — DECIDED
OCTOBER 7, 1975.

*Smith & Allgood, Alfred L. Allgood,* for appellant.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.