## 52889. McMILLON v. THE STATE.

ARGUED OCTOBER 5, 1976 — DECIDED OCTOBER 22, 1976 —

138

*McDonald, McDonald & McDonald, E. Crawford McDonald,* for appellant.

*Jeff Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.

1. The evidence set out above is sufficient to justify the refusal of a directed verdict for the defendant. It is

circumstantial in character, but supports the allegations of the indictment that the defendants attempted to obtain $34,000 in money from Elliott by knowingly falsely representing to him that they were selling him 17,000 silver dollars. McMillon was using a false name. He was using a vehicle with a false license plate. When he became aware that police officers were present, he fled. He had no silver coins with him, but did have keys to two money bags which contained play money. Other circumstances, such as his insistence on receiving payment in cash in $100 denominations were such as to excite the suspicions of a prudent purchaser. It was proper to deny the motion for directed verdict made during the presentation of the state's evidence.

2. None of the above facts, however, in themselves are sufficient to explain exactly how the defendant intended to obtain the witness' money without producing the coins which he had agreed for Elliott to count prior to payment. This missing piece in the puzzle was explained by the testimony of the witnesses Martin and Beard who had had the following experience: McMillon, who was also an amateur coin collector, came to Martin representing his name to be Bill Fincher, with the story that an uncle was ill and needed money and had therefore decided to sell his collection of coins; among others were silver dollars which "Fincher" offered to sell for two dollars each. Eventually the witness put up $3,000 and his brother-in-law $4,000 for this purpose in $50 and $100 bills. By arrangement they met "Fincher" at a motel. The defendant parked his car in front of the motel, identifying its remaining occupant as another uncle, and told the witness to come to the car with him, bringing the money, while the brother-in-law and his wife waited in sight of the car. The announced purpose was to satisfy the uncle that the purchasers' bills were not counterfeit. A momentary diversion occurred when the witness' attention was called to another car leaving. It was explained that the sellers did not bring the coins with them because they wanted to be satisfied that the bills were bona fide; they would now go and get the coins; to be positive that the bills were not switched they were putting them in a money bag, which they locked, placed in a brown

bag, and returned to the witnesses, telling them their money was inside and to remain at the motel with it until they returned. The defendant and his companion then drove off. The witnesses soon cut open the money bag and (as the jury must already have guessed) found it filled with play money.

A distinct criminal transaction becomes relevant where there is between it and the crime for which the defendant is on trial such a connection that proof of one act tends to lend credence to the other, in some way *other than* merely showing the defendant has a criminal bent of mind. Where the evidence explains the motive or shows a similar plan or scheme (*Fuller v. State,* 197 Ga. 714, 716 (30 SE2d 608); *Merritt v. State,* 168 Ga. 753 (1) (149 SE 46)) or where it shows guilty knowledge when the act itself, without explanation, is contended to be consistent with innocence (*Carrigan v. State,* 206 Ga. 707 (5) (58 SE2d 407); *Martin v. State,* 10 Ga. App. 795 (1) (74 SE 304)) it is admissible. The testimony objected to here amply satisfies both these requirements, and was properly admitted.

*Judgment affirmed. Webb and Smith, JJ., concur.*