## 55285. COLLINS v. THE STATE.

WEBB, Judge.

Ronnie Collins appeals from his conviction of the armed robbery of Julia Maria Ayala on November 30, 1974.

1. Collins asserts that the trial court improperly permitted the district attorney to introduce evidence of independent crimes during the course of the trial and to comment during his opening statement of his intention to do so. The Supreme Court recently faced this issue and concluded that such evidence was admissible if two conditions were satisfied: "First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cits.]" *French v. State,* 237 Ga. 620, 621 (229 SE2d 410) (1976).

The victim here was employed as an assistant resident manager of the Plymouth Colony Apartments in

south DeKalb County. While in the office alone around midday a well dressed black male with a medium Afro and a mustache drove up in a pale yellow Cadillac. He entered the office to inquire about renting an apartment and stated that his wife was working but he would like to bring her back to look over the facilities. He left but returned alone shortly thereafter, put a gun to Ms. Ayala's head and said, "Let me have all your money or I will blow your brains out." After taking the money he forced her into a closet and told her to stay there until he could go through the clubhouse to take some things from there. A co-worker returned from lunch a few minutes later and found Ms. Ayala in the closet.

The investigation of this case was assigned to DeKalb County Police Detective Dewey Brown, who was working on some other cases similar in nature. Detective Brown presented a series of photographs to Ms. Ayala and she selected that of Ronnie Collins as the man who robbed her. Collins was located in California through police authorities there. Detective Brown informed the California authorities that he planned to place Collins in a lineup when he was returned to Georgia, but when Detective Brown arrived to pick him up Collins had shaved his head and mustache, therefore preventing lineup identification.

The evidence objected to was testimony of two victims of similar cases Detective Brown had worked on. Susan Hudson testified that she had been robbed on October 10, 1974, by a well dressed black male while she was serving as resident manager of the Wellington Court Apartments located in south DeKalb County, and that after money was taken at gunpoint, her hands were tied and she was forced into a closet and made to lie face down on the floor. Ms. Hudson identified Collins from photographs as the man who robbed her. Linda Davis testified that on December 5, 1974, while working at an apartment complex in Clayton County only a few miles from the Wellington Court Apartments and the Plymouth Colony Apartments she was robbed by a well dressed black male who came in the morning to inquire about renting an apartment, and returned later saying he was waiting for his wife to arrive to look over the apartments

with him. Ms. Davis was forced into a connecting garage and locked there. She positively identified Collins from photographs shown her the next day as the man who robbed her.

It is quite clear that this evidence satisfied both of the *French* requirements, viz., the identification by each victim of Collins as the man who perpetrated the independent crimes, and his use of the same or similar modus operandi. It was therefore properly admitted and no harm occurred from the comments of the district attorney. See *Clemson v. State,* 239 Ga. 357, 360 (3) (236 SE2d 663) (1977); *Sudlow v. State,* 140 Ga. App. 146 (230 SE2d 106) (1976).

2. Error is enumerated on instructing the jury that "they should believe the evidence which is most reasonable and most credible to them under all the facts and circumstances of the case"; and that the charge placed undue emphasis on the evidence of other crimes introduced in evidence. A thorough reading of the entire charge shows that when considered as a whole it is a correct statement of the law unlikely to mislead the jury as to the proper standard of proof or the legal status of the accused. *Perkins v. State,* 141 Ga. App. 893 (1) (234 SE2d 715) (1977); *Rucker v. State,* 135 Ga. App. 468, 471 (3) (218 SE2d 146) (1975) and cits.

3. While evidence was presented that Collins was in California at the time of the crime, ran his own store and did not need to rob anyone for money, it is apparent that the jury believed the testimony and identification of the victims. The evidence was ample to support the verdict.

4. On June 23rd and 24th, 1976, Collins was jointly tried in Cases No. 18292 and 20713. The trial of those indictments resulted in a conviction on Count 1 of Case No. 20713 and a mistrial due to the jury's inability to reach a verdict on Count 2 of Case No. 20713 and Counts 1 and 2 of Case No. 18292. Collins was then retried on June 28th and 29th, 1976, on Count 2 of Case No. 20713. This appeal arises from that conviction. At the pre-sentence hearing Collins' attorney objected to any evidence introduced in aggravation of sentence on the basis that he "was given no prior knowledge in connection with this particular trial that they planned to introduce any

evidence in aggravation." The district attorney responded: "A list of aggravation was furnished in regards to all cases, Your Honor, except, of course, the conviction that was handed down last week. Of course, Mr. Hester was in court on that." Collins asserts as error the overruling of his objection and allowance of this conviction in evidence.

"Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) provides in part that 'only such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible.' Clear notice that previous convictions will be introduced at the trial of an accused is required by this statute. *Gates v. State*, 229 Ga. 796 (4) (194 SE2d 412) (1972). A notice given prior to a former trial would not be clear notice that the sentences would be introduced at a subsequent de novo trial." *Hewell v. State*, 238 Ga. 578, 580 (2) (234 SE2d 497) (1977).

We are unable to determine from the record before this court that clear notice as required by Code Ann. § 27-2503 under the *Hewell* case was given. Consequently the sentence must be vacated and a new trial as to sentence only be granted.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED FEBRUARY 6, 1978 — DECIDED MARCH 16, 1978.

*R. David Botts,* for appellant.
*M. Randall Peek, District Attorney, Robert E. Wilson, Assistant District Attorney,* for appellee.