57209, 57210. MINIS v. THE STATE (two cases).

UNDERWOOD, Judge.

The appellant, Minis, who was in the lock and safe business, was indicted for burglary involving a Pizza Hut restaurant in Douglas County. During a lengthy trial the state presented evidence that Minis planned the Pizza Hut burglary, instructed his accomplices on how to get into the building and gain entrance to a safe, provided tools and transportation to and from the Pizza Hut and shared money taken from a cash register after the safe on the burglarized premises was found open and empty. The state also presented testimony alleging that Minis had a similar role in a series of additional burglaries carried out with the same modus operandi for which he was not on trial. He was convicted and received a sentence of twenty years with nine of those years to be served on probation.

He appeals and enumerates six errors.

1. Appellant Minis' first contention is that the trial court erred in overruling his motion to preclude the use of state witnesses whose names were not given to him on a timely demand, prior to trial. He contends this deprived him of sufficient time to interview the witnesses prior to trial. However, he requested a one-day continuance to interview the unlisted witnesses, and the court granted him two weeks for this purpose. Code Ann. § 27-1403 provides that "[w]ithout the consent of the defendant, no witness shall be permitted to testify for the State whose name does not appear upon the list of witnesses as furnished to the defendant unless the . . . prosecuting attorney shall state in his place that the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses." In construing this statute, this court has held that the trial judge can use his discretion to determine if the defendant can be protected by some other form of appropriate relief, such as a motion for mistrial or continuance. *Davis v. State,* 135 Ga. App. 203 (217 SE2d 343) (1975). As the trial judge granted defendant's motion for a continuance of one day by allowing him a two-week continuance, it is clear the trial judge did not abuse his discretion, and this enumeration is without merit.

2. Defendant's second contention is that the trial court erred by permitting, over his objection, testimony concerning additional and subsequent crimes allegedly committed by him. Both our Supreme Court and this court have held that testimony of this nature is admissible if there is evidence that the defendant was in fact the perpetrator of the independent crime, and if there is sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter. *French v. State,* 237 Ga. 620, 621 (229 SE2d 410) (1976); *Collins v. State,* 145 Ga. App. 341 (243 SE2d 716) (1978). The testimony clearly satisfied both of the requirements of the *French* and *Collins* cases, viz., the identification of Minis as the perpetrator of the independent crimes, and his use of the same or similar modus operandi.

3. The appellant's third contention is that the trial

court erred in allowing certain tape recordings and a recorder to be provided to the jury. However, defense counsel explicitly agreed to this action by the trial court and stated that he had no objection to the jury making any use of the tapes, and no objection to the jury listening to the tapes in the jury room. This was a clear waiver of objection to such procedure. Appellant cannot obtain reversal of a conviction for alleged errors which he committed or induced. *Edwards v. State,* 235 Ga. 603, 604 (221 SE2d 28) (1975); *Whitten v. State,* 143 Ga. App. 768 (240 SE2d 107) (1978).

4. Appellant enumerates as error the trial court's denial of his motion for a new trial based upon the general grounds. The question on appeal is whether there is any evidence authorizing the verdict. *Lowe v. State,* 143 Ga. App. 415 (238 SE2d 716) (1977). The evidence was sufficient to authorize the verdict, and no error was committed by the trial court in denying the motion for a new trial.

5. Finally, the appellant contends that the trial court committed error at the sentencing phase of the proceeding by considering the various alleged crimes as to which testimony was given at the trial, but of which appellant has not been convicted.

Code Ann. § 27-2503 (a) provides, in pertinent part, that "Except in cases in which the death penalty may be imposed, upon the return of a verdict of 'guilty' by the jury in any felony case, the judge . . . shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed. In such hearing the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions . . . of the defendant, or the absence of any prior conviction and pleas . . . If the trial court is reversed on appeal because of error only in the presentence hearing, the new trial which may be ordered shall apply only to the issue of punishment."

In Division 2 of this opinion we held that it was proper in the trial of this case to admit evidence relating to other alleged offenses. Ordinarily, under the laws of evidence, it is not permissible to present at trial evidence

of other offenses or incidents of a criminal nature. *Harris v. State,* 118 Ga. App. 848 (166 SE2d 94) (1968); *McMillon v. State,* 140 Ga. App. 137 (230 SE2d 110) (1976).

In his charge to the jury, the trial judge made reference to the evidence which had been admitted concerning "crimes other than for which he [the defendant] is on trial." He instructed the jury as follows:

"Such evidence was received and may be considered by you only for the *limited purpose* of allowing you to determine if it tends to show the identity of the person who committed the crime, or crimes, if any, of which the defendant is accused or that it tends to connect the accused with the crime charged, or of determining if it tends to show his knowledge, motive, intent, identity, or a state of mind evidenced by a characteristic method, or a common scheme, or plan in the commission of criminal acts similar to the method, plan, or scheme used in the commission of any offense you may find in this case. For the limited purpose for which you may consider such evidence you must weigh it in the same manner as you do all other evidence in the case. *You are not permitted to consider such evidence for any other purpose, and if you determine that it is not useful to you for the above purpose you are instructed to disregard it entirely.*" (Emphasis supplied.)

After the trial judge dismissed the jury following the trial on the issue of guilt or innocence he inquired as to whether there was anything that he needed to hear before imposing sentence. A brief colloquy was held in which the appellant, his counsel, the district attorney and the judge participated. The court articulated the following: "It's an unusual case. It's disturbing, the number of other cases . . . I know they're only admissible for the jury [to] determine any course of conduct, scheme, or pattern, and yet in sentencing I think I have to . . . look at them at least, I certainly wouldn't consider them as a conviction, but they are disturbing to me in number . . . The Walton County [incident] looked bad on him but I couldn't make his punishment more because of the Walton County incident, for instance, I can't consider that as a conviction. It would concern me some, but some of the other incidents I think I need to consider because they are in evidence before the

court as a part of the case . . ."

This court fully appreciates the dilemma in which a trial court finds itself in imposing sentence following a trial in which there was proper testimony as to alleged offenses other than that for which the defendant was charged, tried and convicted. It is entirely reasonable, proper and necessary in rational sentencing for the trial court to look to the circumstances and context in which the offense was committed, but a sentence based in part upon articulated consideration of other offenses, as yet untried, amounts to prescribing punishment for conduct for which there has been no conviction.

The charge by the trial court to the jury in this case, set forth above, is an excellent statement of the applicable law with respect to evidence of "other offenses."

The "limited purpose" of evidence concerning other offenses as described in the court's charge imposes a delicate and difficult burden on the trial court during the sentencing phase of the case. In imposing sentence, the court has the responsibility of considering matters presented on the issue of guilt or innocence plus "additional evidence in extenuation, mitigation and aggravation of punishment." However, evidence of other offenses admitted for a limited purpose on the issue of guilt or innocence may not properly be an articulate premise upon which sentence is partially based. The record of the pre-sentence hearing in this case is subject to the interpretation that the evidence of other offenses properly admitted for a "limited purpose" had a direct impact upon the imposition of sentence. We are not able to dismiss this as harmless error.

We have frequently applied a presumption that the trial court did not consider improper matters in fixing sentence. In *Clark v. State,* 138 Ga. App. 266 (226 SE2d 89) (1976) we held that "while we specifically disapprove of the trial judge's permitting questioning as to an offense for which the defendant was known to have been acquitted, we shall adopt the presumption that the judge did not consider the improper matter in fixing his sentence, even though this presumption is weakened somewhat by his failure to disavow any reliance thereon."

In the instant case we are unable to entertain this

presumption due to the trial court's comment that "some of the other incidents I think I need to consider because they are in evidence before the court as a part of the case . . ."

Normally a sentence fixed in the exercise of discretion within statutory limits will not be disturbed on appeal, and we express no opinion on the propriety of the particular sentence imposed on the appellant in this case. But for the foregoing reasons we find it necessary to remand for resentencing.

6. Appellant initiated a separate appeal on the issue of the trial court's denial of his motion for a supersedeas bond. The issues in the separate appeal are the same as those disposed of when this court denied a motion for supersedeas bond on December 15, 1978 and this enumeration of error is without merit.

*Judgment affirmed in part; remanded for resentencing. Quillian, P. J., and Birdsong, J., concur. Banke, J., concurs specially. Smith, J., concurs in the judgment only. Deen, C. J., McMurray, P. J., Shulman and Carley, JJ., concur in part and dissent in part.*

ARGUED FEBRUARY 5, 1979 — DECIDED JULY 12, 1979 —

*Posey & Associates, William G. Posey, Richard J. Turreski,* for appellant.

*W. A. Foster, III, District Attorney, Barbara V. Tinsley, Frank C. Winn, Assistant District Attorneys,* for appellee.

BANKE, Judge, concurring specially.

1. I concur in the judgment of affirmance of the conviction and the reversal and remand for resentencing.

2. Error enumerated as No. 4, "The trial court erred in passing sentence on defendant by its consideration of unrelated criminal charges, for which the defendant was not convicted or even tried," presents a troublesome problem in this case. Code Ann. § 27-2503 (a) sets forth the provisions of a presentence hearing, and my review of transcripts of criminal cases indicates that most trial

judges comply with this Code section in the following manner:

Court: "At this time, the court will resume the trial of this case for the purpose of conducting a presentence hearing, and the only issue for determination by the court shall be the punishment to be imposed. In this presentence hearing, counsel for both sides shall have the right, subject to the laws of evidence, to present to the court additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere of the defendant, or the absence of any such prior criminal convictions and pleas. Upon completion of the introduction of such evidence as may be introduced, counsel for both sides shall then have the right to present their summations regarding the punishment to be imposed. The district attorney may proceed."

(District attorney then seeks to introduce such evidence in aggravation as the state has made known to the defendant prior to trial.)

(Defense seeks to introduce such evidence in extenuation and mitigation thought admissible.)

(District attorney opens summation on sentence, and defense attorney concludes.)

This form of procedure protects the record, informs the defendant as to further procedure, informs counsel as to how the presentence hearing will be conducted, and lends a degree of formality to which the defendant is entitled because to him this is the most important phase of the entire trial proceeding.

In the subject case, after the jury was dismissed, the trial judge said, "All right, Mr. Posey, bring him around. Is there anything I need to hear before I do the sentence?" The defense attorney then made his summation to the court. The transcript does not show the district attorney or his assistant participated in any manner. After summation by the defense attorney, the trial judge then asked the defendant if he had been previously convicted of any crime; and, upon receiving an affirmative answer, the trial judge further interrogated the defendant as to category of crimes. In my view, this procedure does not

comport with the presentence hearing prescribed by Code Ann. § 27-2503 (a).

3. Just before passing sentence, the trial court said, ". . . the number of other cases . . . I certainly wouldn't consider them as a conviction, but they are disturbing to me in number . . . it would concern me some, but some of the other incidents I think I need to consider because they are in evidence before the court as a part of this case, and I think with the magnitude that's indicated here that it would justify a maximum sentence, and yet on a first offense I don't do that." Since the sentence was set at 20 years with some probation time, we must conclude the trial judge did use the "other incidents" in aggravation when sentence was passed. This was error as the trial judge must follow the same law he charges the jury. In charging the jury as to these "other incidents," they were admitted for a limited purpose only, as required by law, and they could not be used for any other purpose. The trial judge did use them for determining sentence. If the state desired to use these "other incidents" for aggravation purposes, they should have at least been submitted to the defendant before trial and their admissibility determined at the presentence hearing.

I think the sentence should be vacated and the case returned for resentencing.

CARLEY, Judge, concurring in part and dissenting in part.

I completely agree with the majority's rulings and reasoning as set forth in Divisions 1, 2, 3, 4 and 6 and I concur fully in the judgment affirming the conviction. However, I do not believe that any reversible error exists in connection with the sentencing phase of the proceedings and, accordingly, dissent from Division 5 of the majority opinion and from the judgment remanding the case for resentencing.

The majority diagnoses a fatal malady in the sentencing phase because of the trial court's observation that he needed to consider certain "other incidents" of which defendant had not been convicted but which were revealed to the court and jury during the guilt-innocence phase of the trial. The admissibility of evidence

concerning these "other incidents" during the first portion of the trial is specifically and properly approved in Division 2 of the majority opinion in this case.

The majority holds that "a sentence based in part upon articulated consideration of other offenses, as yet untried, amounts to prescribing punishment for conduct for which there has been no conviction." This analysis appears to be grounded upon an analogy between the "incidents" and prior illegal convictions or convictions otherwise not admissible under Code Ann. § 27-2503 (a), the provisions of which control presentence hearings. The majority's equation of previous "incidents" with prior "convictions" ignores, discounts or disregards the undisputed fact that the trial judge specifically stated that he would not consider these "incidents" as "convictions." If the trial judge had stated — or even implied — that he looked upon the prior incidents as being equivalent to convictions, I would agree with the majority. Such is not the case here.

The crucial and determinative factor with regard to this issue is, in my opinion, that the "incidents," the consideration of which by the trial judge is held to be error, were not divulged during the presentence hearing as "additional evidence" but were already in evidence before the court as well as the jury during the guilt-innocence phase of the trial. In this connection, the majority, emphasizing the limited purpose for which the evidence of the other incidents was admitted during the first phase of the trial, states that such evidence "may not properly be an articulate premise upon which sentence is partially based." Thus the majority holds that because of the limited purposes for which the other incidents were considered by the jury in determining guilt, they cannot be considered by the court in deciding punishment.

However, the Georgia appellate decisions do not support such a restriction upon the consideration, during the presentence hearing, of evidence admitted during the first phase of the trial. In *Eberheart v. State,* 232 Ga. 247 (206 SE2d 12) (1974), the Supreme Court discussed the scope of the presentence hearing under the former law governing such hearings. Ga. L. 1973, p. 159; Code Ann. § 27-2534, repealed Ga. L. 1974, p. 352. The repeal occurred

when the legislature provided for sentencing by the judge and not the jury except in cases in which the death penalty may be imposed. However, the former statutory language is almost identical to present Code Ann. § 27-2503 (a) dealing with evidence during the presentence hearing. As did Justice Undercofler in *Eberheart,* I quote the relevant language of the 1973 statute, to wit: "In such hearing, subject to the laws of evidence, the jury or judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere of the defendant, or the absence of any such prior criminal convictions and pleas; provided, however, that only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible." Ga. L. 1973, p. 162. After reciting this language, the Supreme Court held: "The bifurcated trial was created to withhold matters inadmissible on the issue of guilt or innocence from the jury until that issue had been determined. *The statute is clear that the presentence hearing is for additional evidence and in no way excludes from consideration on sentence the matters heard on the issue of guilt or innocence."* (Emphasis supplied.) *Eberheart v. State,* supra, 253-254.

Thus, it appears clear to me that the trial judge can and must consider all evidence before the court and jury during the guilt-innocence phase as well as the additional evidence, if any, introduced during the presentence hearing. Since only as a result of properly admitted evidence during the guilt-innocence phase of the trial was the trial judge in this case even aware of the incidents, the consideration of which the majority holds to be error, it is my opinion that the trial judge did not commit error in considering the incidents. In fact, I believe that had he failed to consider all of the evidence received during the first phase of the trial, he would not have properly discharged the duties imposed upon him in connection with sentencing.

The majority cites *Clark v. State,* 138 Ga App. 266 (226 SE2d 89) (1976), so as to distinguish from this case *Clark's* ruling with regard to the presumption that the judge did not consider improper matters. However,

illustrative of the parameters of appellate review of the sentencing procedure is another portion of our opinion in *Clark* disapproving — but not reversing because of — a trial judge's allowance of evidence of the defendant's *acquittal* in a prior case. Referring to the unquestioned rule that *illegal convictions* should not be considered in presentence hearings, this court in *Clark* states:

"Where evidence of illegal *convictions* has been admitted in pre-sentence hearings, even without objection, our appellate courts have granted new trials on the issue of punishment. See, e.g., *Clenney v. State,* 229 Ga. 561 (4) (192 SE2d 907); *Fowler v. State,* 132 Ga. App. 812 (209 SE2d 255); *Harrison v. State,* 136 Ga. App. 71 (2) (220 SE2d 77). Exceptions have been made where it affirmatively appeared that the judge discounted their effect in fixing the sentence (*Knight v. State,* 133 Ga. App. 808 (2) (212 SE2d 464); *Workman v. State,* 137 Ga. App. 746 (7)), or that such evidence was brought out without objection during the trial and the defendant's counsel participated in the exchange of conversation from which the information regarding the defendant's prior conviction (which properly should not have been considered) was discussed. *Mitchell v. State,* 136 Ga. App. 390 (221 SE2d 465).

"On the other hand, where the improperly considered matter consisted of less than illegal convictions (such as rumors, hearsay, innuendoes, and information not obtained from the judge's personal observation), our courts have specifically disapproved the practice, yet held it to be harmless error, based on the 'presumption, in the absence of a strong showing to the contrary, that the trial judge, when sitting without a jury, separates the legal evidence from facts not properly in evidence in reaching his decision.' *Ingram v. State,* 134 Ga. App. 935, 940 (8) (216 SE2d 608), citing *McBryde v. State,* 34 Ga. 202, 204 and *Jones v. State,* 233 Ga. 662 (3) (212 SE2d 832)." *Clark v. State,* supra, 270.

Here, the allegedly "improperly considered matter consisted of less than illegal convictions." Although objection to the introduction of testimony concerning the incidents here involved was made during the

guilt-innocence phase of this trial, the trial court ruled the evidence admissible and we have affirmed that ruling; thus such facts were "properly in evidence."

In *Jones v. State,* 233 Ga. 662 (212 SE2d 832) (1975), our Supreme Court considered the defendant's attack upon his sentence because, during the presentence hearing, the trial judge "wondered aloud that the state had nothing to present on Milton Jones, since 'Your name [Jones] has been prevalent in the criminal circuit for a long time.' " *Jones v. State,* supra, 663. In *Jones,* the defendant had no criminal record. The Supreme Court, noting that no objection was interposed by the defendant to the remarks at the time they were made, held that there was no error requiring reversal of the sentence. See also *Mitchell v. State,* 136 Ga. App. 390, 392 (221 SE2d 465) (1975). The record here reveals the absence, during the hearing, of any objection to the trial court's "articulated consideration" of the other incidents. For other examples of waiver because of the failure to object during the sentencing hearing, see *McKisic v. State,* 238 Ga. 644 (5) (234 SE2d 908) (1977), and *Cochran v. State,* 144 Ga. App. 820 (4) (242 SE2d 735) (1978).

I do not believe that the position taken by the majority is supported by its recitation of and reliance upon the judge's charge that the jury could consider the other incidents only for the limited purposes specified by the court. I agree with the majority that the charge excerpt included in the opinion is "an excellent statement of the applicable law with respect to evidence of 'other offenses.' " However, this charge was proper and necessary because and only because it was to guide the jury in determining guilt or innocence of the defendant. That the jury was admonished not "*to consider such evidence for any other purpose*" is totally unrelated to a determination of what is to be considered during the sentencing phase of the bifurcated trial. The quoted instructions were given to insure that the jury would not be influenced by the other incidents in deciding the guilt or innocence of the defendant. The issue of punishment was not before the jury.

In this connection, the limitation on the scope of the presentence hearing enunciated by the majority in this

case arguably would apply also to a presentence hearing before a jury determining punishment under subsection (b) of Code Ann. § 27-2503 in cases in which the death penalty may be imposed since that provision states that "[s]uch hearing shall be conducted . . . before the judge as provided in subsection (a) of this section." Thus it would seem that the reasoning of the majority in this case would preclude the jury's consideration at the presentence hearing of other incidents shown by the evidence admitted during the guilt-innocence phase of the trial under the same or similar evidentiary rules applied in this case.

I am constrained to opine that trial judges throughout the state may be giving presentence instructions authorizing the jury to ponder matters which this court now conceals from the judge. The pattern jury instructions prepared by the Committee on Pattern Jury Instructions of the Council of Superior Court Judges of Georgia include the following suggested language, to wit: "In reaching this determination, you are authorized to consider all of the evidence received by you in open court *in both phases of the trial.* You are authorized to consider all of the facts and circumstances of the case." (Emphasis supplied.) Such an instruction would appear to be not only proper but mandatory under the ruling in *Eberheart,* supra. Surely the discretion allowed to a trial judge is as broad in scope as that entrusted to a jury performing the same function.

For the above reasons, I would affirm not only the conviction but the sentence imposed.

I am authorized to state that Chief Judge Deen, Presiding Judge McMurray and Judge Shulman join in this dissent.