## 62097. HALL v. THE STATE.

SHULMAN, Presiding Judge.

After waiving his right to a jury trial, appellant was convicted of burglary in a bench trial and sentenced to seven years. In the pre-sentence hearing, the trial court allowed the state to introduce, over appellant's objection, a certified copy of appellant's earlier conviction for possession of tools for the commission of a crime. Citing *Harrison v. State,* 136 Ga. App. 71 (220 SE2d 77), appellant maintains that it was error for the trial court to admit the evidence of the earlier conviction without proof that the prior conviction was constitutionally valid.

1. Code Ann. § 27-2503 (a) provides for a pre-sentence hearing upon conviction for a felony. At the hearing, "the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere . . ." In *Harrison v. State,* supra, this court held that it was error to admit, in a pre-sentence hearing, evidence of a prior conviction which failed to disclose on its face that the defendant had had the assistance of counsel or had waived that right. The certified copy of appellant's prior conviction shows on its face that appellant was represented by counsel during that proceeding. Therefore, the rationale of *Harrison* is inapplicable to the present case.

2. Appellant also contends that the evidence was erroneously admitted because, at the time it was offered, the state knew that an appeal of the case was pending. Although appellant's trial counsel stated at the pre-sentence hearing that the earlier conviction was then in the appeal process, no evidence to that effect is contained in the record before us, and we have ascertained that no appeal from that conviction was filed in this court. Since the record does not support appellant's contention, we find no error in the trial court's consideration of the prior conviction. See *Morris v. Hodge,* 152 Ga. App. 815 (264 SE2d 482); *Law v. State,* 121 Ga. App. 106 (2) (173 SE2d 98).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 10, 1981 —
REHEARING DENIED NOVEMBER 30, 1981 —

*Robert Carpenter,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, A. Thomas Jones, Margaret V. Lines, Assistant District Attorneys,* for appellee.