## 77446. WATKINS v. THE STATE.
(381 SE2d 45)

BENHAM, Judge.

A jury convicted appellant of homicide by vehicle in the first degree (OCGA § 40-6-393 (a)); driving under the influence of alcohol (OCGA § 40-6-391); driving on the wrong side of the road (OCGA § 40-6-40); operating a motor vehicle without insurance (OCGA § 33-34-12 (b)); making a false statement (OCGA § 16-10-20); and driving without a license (OCGA § 40-5-20). The DUI conviction merged with

the one for homicide by vehicle, and the trial court entered judgment on the remaining convictions, which prompted this appeal.

The facts adduced at trial showed that appellant's pickup truck, containing appellant and his brother-in-law, Pauldo, collided head-on with another motor vehicle on a rural road in Wilkinson County, Georgia, on September 20, 1987, killing Laura Hall, a passenger in the other vehicle. When the investigating officer, a state trooper, arrived at the scene, he found appellant sitting in the truck's passenger seat, and an unconscious Pauldo hanging out the driver's door. Appellant told the trooper that he owned the truck but that Pauldo had been driving because appellant's license was suspended. Appellant, smelling of alcohol and unsteady on his feet, stated that he and Pauldo had been drinking beer, had gotten something to eat, and were on their way home when the collision occurred. Appellant was unable to produce proof of insurance in response to the trooper's request. Based on appellant's statements to the officer, Pauldo was charged with the vehicular homicide. However, further investigation led the State to conclude that appellant had been driving the truck when it collided with the other vehicle; that he had been thrown from the truck on impact; and that he had returned to the vehicle and occupied the passenger seat side so that it would appear he had not been driving when the collision occurred. The charges against Pauldo were dropped and were then filed against appellant.

1. Appellant argues that his motion for continuance should have been granted because he had not knowingly and voluntarily waived his right to benefit of counsel. See *Williams v. State*, 144 Ga. App. 410 (1) (241 SE2d 261) (1977).

The record in this case shows that appellant was indicted on February 22, 1988, and was arraigned on April 11, 1988, at which time the trial court asked appellant, who was not then represented by counsel, whether he wished to have counsel appointed. Appellant declined the offer, saying that he would retain private counsel. The State gave appellant a list of 11 witnesses at arraignment, and the trial court informed appellant that his case would be called first on the trial calendar set for the week of May 16, 1988. On April 29, the trial court, having determined that appellant had not retained counsel, appointed counsel for him. On May 10, appellant moved for a continuance, contending that there had not been a reasonable time for counsel to prepare for trial. The trial court denied the motion, finding that appellant himself had caused whatever preparation problems existed by his failure to retain counsel or seek appointed counsel before April 29. The trial was held as scheduled on May 17 and 18, 1988.

Motions for continuance are granted or denied at the discretion of the trial court and, barring an abuse of that discretion, this court does not overturn them. " "There is no fixed rule as to the number of

days that should, of right, be allowed counsel in a criminal case to prepare the case for trial, but the trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require.' " *Hill v. State*, 161 Ga. App. 346 (1) (287 SE2d 779) (1982). Absent a showing that the trial court abused its discretion, this court will not disturb the trial court's ruling. *Dasher v. State*, 157 Ga. App. 664 (1) (278 SE2d 465) (1981). In the case at bar, appellant's counsel had almost three weeks to prepare, and had appellant notified the court that he could not retain counsel, the trial court could have appointed counsel sooner than it did. The cases cited by appellant are distinguishable in that each is a case in which the attorney had only one day of preparation before trial, and under those circumstances this court reversed the denial of continuance. See *Bacon v. State*, 146 Ga. App. 468 (246 SE2d 475) (1978); *Williams v. State*, supra. The circumstances now before us certainly do not parallel those cases. The trial court did not abuse its discretion in holding the trial as scheduled. *Hill v. State*, supra.

2. Appellant moved for a directed verdict of acquittal as to the charge of making a false statement. The trial court denied the motion, and the appellant cites the denial as error. By stating to the officer that Pauldo had been driving the truck, when, in fact, appellant had been the driver, appellant made a false statement in a matter within the jurisdiction of a department of state government. OCGA § 16-10-20. The statute was intended to discourage the making of affirmatively false statements. The trial court did not err in its ruling.

3. The trial court denied appellant's motion for directed verdict of acquittal on the first degree homicide by vehicle charge, and appellant cites that ruling as error. He claims that the State failed to prove that he was driving under the influence of alcohol, an essential element of the crime. Appellant's contention is without merit. In addition to the officer's testimony about appellant's condition at the scene of the accident, Pauldo's denial that he, Pauldo, had been driving the vehicle, and the uncontradicted testimony that appellant had consumed at least two or three beers, the State offered evidence at trial to show that approximately two hours after the accident a sample of appellant's blood was taken and tested. The test results showed an alcohol content of 103 milligrams per deciliter, from which the forensic expert witness extrapolated that at the time of the accident, appellant's blood alcohol level was .11 grams percent. There was also evidence showing that appellant had been driving on the wrong side of the road when the collision occurred. The evidence was sufficient for a rational trier of fact to find that "a causal connection existed between defendant's violation of OCGA [§ 40-6-391] and the victim's

death and thus to find the defendant guilty beyond a reasonable doubt of the offense of homicide by vehicle in the first degree. [Cits.]" *McNabb v. State*, 180 Ga. App. 723 (4) (350 SE2d 314) (1986). It was therefore not error to deny appellant's motion for a directed verdict of acquittal.

4. Appellant also contends that his motion for directed verdict of acquittal on the count charging him with operating a vehicle without insurance coverage was erroneously denied. We agree. The evidence produced at trial on this issue showed that when the investigating officer asked appellant for proof of insurance, appellant produced a paper that had nothing to do with insurance, and did not offer any other information about his insurance coverage. The person who had sold the vehicle to appellant in May 1987 testified that he had insurance on the truck when he sold it to appellant, but that he cancelled the insurance coverage on the truck immediately after the sale. The accident occurred on September 20, 1987, approximately four months later. "That defendant did not have an insurance card . . . cannot be said to prove ipso facto that he knowingly operated a vehicle . . . without effective insurance." *Williams v. State*, 181 Ga. App. 49 (2) (351 SE2d 207) (1986). Since appellant was charged with failure to have insurance coverage, (OCGA § 33-34-12 (b)), rather than failure to have *proof* of insurance coverage, (OCGA § 33-34-12 (a)), the evidence was not sufficient to withstand appellant's motion.

5. During voir dire, appellant asked the group of prospective jurors whether they had any opposition to someone taking a drink and driving, although the person driving is not drunk. When some of the jurors responded affirmatively, appellant began to question them one by one, asking the first person, "The fact that someone may have had something to drink but isn't drunk, isn't under the influence of alcohol, and then drives, is that something that you're going to hold against that person?" The trial court concluded that the question was a "bit too hypothetical" and called for a prejudgment of the case, and said that if appellant could ask the question some other way, the court would allow it. Appellant rephrased the question, but contends that the trial court imposed a restriction on his voir dire in violation of OCGA § 15-12-133.

The conduct of the voir dire examination of prospective jurors is within the sound discretion of the trial court, and upon review this court will reverse that judgment only in the event of manifest abuse of that discretion. *Parker v. State*, 172 Ga. App. 540 (2) (323 SE2d 826) (1984). Uniform Superior Court Rule 10.1 (253 Ga. 801, 823 (1985)) states that the exercise of such discretion applies to the form of the questions propounded by counsel, and that "[h]ypothetical questions are discouraged, but may be allowed in the discretion of the court. It is improper to examine a juror as to how he would act in

certain contingencies or on a certain hypothetical state of facts. No question shall be framed so as to require a certain response from a juror which might amount to a prejudgment of the action." The question as it was posed fell within the category of questions discouraged and prohibited by the Uniform Rules. " 'This court is of the opinion that the trial court did not abuse its discretion by preventing the question from being asked.' " *Parker*, supra, Division 2.

6. Appellant testified on direct examination that he used to drink, but that after the accident he had stopped drinking alcohol. During cross-examination, the State's attorney asked him to tell the jury "why you took a drink back in that time when you drank." Appellant's counsel objected, saying that the question was not relevant. The trial court overruled the objection, and appellant cites that ruling as reversible error. "It is not reversible error to overrule such a general objection. [Cit.]" *Weaver v. State*, 179 Ga. App. 641 (6) (347 SE2d 295) (1986).

7. Appellant argues that the trial court should not have charged the jury on the statutorily-created presumptions regarding appellant's being under the influence of alcohol (OCGA § 40-6-392 (b)) because there was no competent evidence supporting the charge, and the charge unduly emphasized the State's version of the evidence. Appellant's assertions are groundless. There was competent evidence regarding the amount of alcohol in appellant's blood at the time of and shortly after the accident, through the testimony of one of the State's expert witnesses and appellant's medical records. See Division 3 of this opinion. Using the records, the witness had calculated what appellant's blood alcohol level was at the time of the accident. Appellant had stipulated to the admission of the medical records containing the information and did not object to the witness' testimony on the issue when it was offered, so he has waived the right to complain now. *Cole v. State*, 156 Ga. App. 6 (2) (274 SE2d 64) (1980). Nor do we find support for the claim that the trial court overemphasized the State's version of the evidence. Our review of the charge shows that the judge merely paraphrased the statutory provision in question and did not indicate any personal preference for one party's position over the other. No error was committed.

8. During appellant's presentence hearing (OCGA § 17-10-2), the State called as a witness a deputy sheriff who had arrested appellant for escape and interference with government property on February 28, 1987. At the time of the presentence hearing, appellant had been indicted for the crimes but had not been tried on the indictment. Appellant objected to the use of any information regarding the incident, arguing to the effect that "a sentence based in part upon articulated consideration of other offenses, as yet untried, amounts to prescribing punishment for conduct for which there has been no conviction."

*Minis v. State,* 150 Ga. App. 671, 675 (258 SE2d 308) (1979), overruled in *Boney v. Tims,* 254 Ga. 664, 665 (333 SE2d 592) (1985). The trial court overruled appellant's objection and heard the evidence. Appellant raises the issue on appeal, seeking a remand for resentencing. We find that remand is unnecessary. Although a portion of *Minis* has been overruled, the case remains good law with regard to the existence of the presumption that the trial court did not consider improper matters in fixing sentence, a presumption that can be weakened by the trial court's failure to disavow any reliance thereon. Id. at 675. Our review of the trial court's sentencing decision in appellant's case revealed that the sentence was based on the fact that appellant killed a 17-year-old girl and tried to pass his responsibility for that act onto his unconscious brother-in-law; that appellant had no insurance on his vehicle and was unable to compensate the victim's family; that he had no driver's license and no right to drive in the state; and that throughout the trial he failed to show any sympathy for the victim and her family or to accept any responsibility for his actions. The trial court made no mention of any other reasons for the severity of the sentences that it imposed, and in the absence of any indication that it relied on the material to which appellant objected, we find the presumption to be unrebutted, and that no error was committed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 17, 1989 —
REHEARING DENIED MARCH 29, 1989 — 

*Jones & Geeter, Shane M. Geeter,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.