## 42023. BONEY v. TIMS.
(333 SE2d 592)

BELL, Justice.

Michael Anthony Tims was convicted of the offenses of kidnapping and armed robbery. Tims' convictions were affirmed by the Court of Appeals. *Tims v. State*, 168 Ga. App. 409 (309 SE2d 405) (1983). In a subsequent habeas corpus proceeding, Tims' sentences were declared null and void and resentencing was ordered. The state appeals.

The circumstances surrounding the offenses for which Tims was

---

convicted are set out in the Court of Appeals' affirmance thereof, id. at 409-410, and will only be repeated here in relevant part. In the late evening hours of February 27, 1982, in Fulton County, Tims stepped into the victim's car and forced her to drive away at gunpoint. While still in Fulton County, Tims robbed the victim of her jewelry and ordered her to drive to a cemetery in DeKalb County. At the DeKalb County cemetery he forced the victim to stop the car, get out, and take off her clothes. The victim began to scream, prompting Tims to threaten her by placing the barrel of his gun in her mouth. Tims then allegedly forced her to sodomize him. After this attack Tims released the victim. Since the kidnapping and robbery took place in Fulton County, Tims was tried and convicted of those offenses there. DeKalb County, however, never brought charges against Tims for sodomy.

In the Fulton County pre-sentencing hearing, the judge asked the assistant district attorney if there was evidence of aggravation. The assistant district attorney responded by referring to the DeKalb County sodomy, and then requested that Tims receive fifteen years for the kidnapping charge. The judge sentenced Tims to serve ten years for kidnapping, and to serve a consecutive term of ten years for armed robbery.

Tims sought a writ of habeas corpus in the Superior Court of Lee County, on the ground that the trial judge improperly considered the evidence of sodomy in setting his sentence. The habeas court agreed that this crime, which was committed in another county, was improperly considered in sentencing Tims for crimes which he committed in Fulton County. The court declared Tims' sentences null and void and ordered resentencing.

The state contends that the trial court did not err in considering the DeKalb County sodomy when it sentenced Tims for the crimes committed in Fulton County. We agree. In determining what sentence to impose upon a defendant, a trial court may consider any evidence that was properly admitted during the guilt-innocence phase of the trial. *Dorsey v. Willis*, 242 Ga. 316 (249 SE2d 28) (1978). In the instant case, the evidence of the DeKalb County sodomy was admissible during the guilt-innocence phase of Tims' trial, as "[t]he state is entitled to inform the jury of all the circumstances surrounding the commission of the crime or crimes charged. . . ." *Chambers v. State*, 250 Ga. 856, 859 (2) (302 SE2d 86) (1983). Since the sodomy evidence was properly admitted as part of the res gestae of the kidnapping and robbery, the trial court did not err in considering it when setting Tims' sentence for the Fulton County crimes. To the extent that *Minis v. State*, 150 Ga. App. 671, 673 (5) (258 SE2d 308) (1979), is inconsistent with this opinion, it is hereby overruled.

*Judgment reversed. All the Justices concur, except Gregory, J., who concurs in the judgment only.*

DECIDED SEPTEMBER 5, 1985.

*Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General,* for appellant.
*J. Kelley Quillian,* for appellee.