72248. WHITE v. THE STATE.
(347 SE2d 6)

CARLEY, Judge.
Appellant pled guilty but mentally ill to two counts of a four-count indictment, in consideration of the State's dismissal of the other two counts. His plea was accepted and the trial court imposed concurrent sentences. He appeals, enumerating error as to his sentence.

1. Citing *Minis v. State,* 150 Ga. App. 671, 673 (5) (258 SE2d 308) (1979), appellant urges that crimes for which he had not been convicted were improperly considered by the trial court in imposing the sentences. However, *Minis v. State,* supra, has been overruled by our Supreme Court. *Boney v. Tims,* 254 Ga. 664, 665 (333 SE2d 592) (1985). Here, as in *Boney,* supra, the "other crimes" considered by the trial court were a part of the res gestae of the very crimes for which appellant was to be sentenced. There was no error.

2. Appellant asserts that the trial court erroneously considered the pre-sentence report in aggravation of the sentences. See *Jones v. State,* 165 Ga. App. 180, 182 (5) (300 SE2d 534) (1983). This assertion has no evidentiary support in the record. "[W]here the transcript does not affirmatively show that the trial court used the pre-sentence reports for the unlawful purpose of increasing the sentence, rather than for the lawful purpose of determining whether to grant proba-

---

[1] See *Manley v. Exposition Cotton Mills,* 47 Ga. App. 496, 497 (170 SE 711) (1933) and *Rhine v. Sanders,* 100 Ga. App. 68, 73 (110 SE2d 128) (1959).

tion, no cause for reversal is shown. [Cit.]" *Jones v. State*, supra at 183.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 27, 1986.

*Malcolm F. Bryant, Jr.*, for appellant.

*Richard A. Malone, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.