## A90A1610. ANSLEY v. THE STATE.
### (399 SE2d 558)

SOGNIER, Judge.

Shelly Ansley pleaded guilty to a charge of criminal trespass arising from an incident at the Days Inn in Waycross. Her plea was submitted without a sentence recommendation. After conducting a sentencing hearing, the trial court sentenced Ansley to six months in jail. She appeals, enumerating as error the trial court's consideration of certain testimony of the hotel owner.

Sam Patel, owner of the Days Inn and two other Waycross hotels, testified at the hearing that on several prior occasions he had ordered appellant to depart from the premises of two of his hotels because he discovered her knocking on hotel room doors late at night, and hotel customers called the front desk to complain that she was soliciting for prostitution. When appellant continued this activity despite receiving several warnings from him and one from a police officer, Patel stated he called the police, who arrested appellant for criminal trespass. Appellant contends Patel's testimony regarding his observations and the actions he took in response was irrelevant because she entered a plea of guilty, that his testimony concerning the complaints received from customers was hearsay, and that the admission of this testimony was unduly prejudicial because it led the court to sentence her based on evidence she was engaging in a crime for which she was not charged.

" 'In a presentence trial the trier of fact must make a determination as to the sentence to be imposed, taking into consideration all aspects of the crime, the past criminal record or lack thereof, and the defendant's general moral character. (Cits.) Any lawful evidence which tends to show the motive of the defendant, [her] lack of remorse, [her] general moral character, and [her] predisposition to commit other crimes is admissible in aggravation. . . .' [Cit.]" *Clark v. State*, 186 Ga. App. 106, 108-109 (4) (366 SE2d 361) (1988). Actions that are part of the res gestae are included in the type of evidence that may be considered. *White v. State*, 179 Ga. App. 526 (1) (347 SE2d 6) (1986). Here, evidence of appellant's actions in knocking on hotel room doors and allegedly soliciting for prostitution would have

been admissible at a trial as part of a course of criminal conduct because it was part of the res gestae of the charged crime, see *Whitfield v. State*, 159 Ga. App. 398, 401 (8) (283 SE2d 627) (1981), and thus the evidence could be admitted in the sentencing hearing. See *Boney v. Tims*, 254 Ga. 664, 665 (333 SE2d 592) (1985). Patel's testimony regarding the hotel guests' complaints, while not admissible to prove solicitation, would have been admissible at a trial of the criminal trespass charge to explain his conduct in giving appellant notice to depart the hotel premises. See OCGA § 16-7-21 (b) (2), (3). Accordingly, we find no error in the court's consideration of the challenged testimony.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 28, 1990.

*James A. Yancey, Jr.*, for appellant.
*Douglas Gibson, Solicitor*, for appellee.