## A95A2378. McCLAIN v. THE STATE.
(469 SE2d 756)

RUFFIN, Judge.

William McClain was convicted of child molestation. He appeals from the judgment of conviction and sentence following the denial of his motion for new trial, asserting five enumerations of error. For reasons which follow, we affirm.

The evidence showed that McClain lived with his girl friend and her three children, one of whom was the victim in this case. According to the seven-year-old victim, McClain made her touch him on his penis with her hand, and he touched her on the vagina with his hands and penis. The victim testified that McClain told her, "[t]his will be our little secret."

After McClain's arrest, he initially denied ever touching the victim. However, after questioning, he told authorities that the victim had initiated the contact by crawling into his chair with him while he slept. He stated that the victim grabbed his penis, which was hanging out of his boxer shorts, and asked him to teach her to make love. McClain admitted that he became aroused, and he stated that he agreed not to tell anyone. After McClain and the victim's mother ended their relationship, the victim told her mother.

At trial, the State moved to introduce similar transaction evidence showing that McClain molested the victim on one other occasion after committing the offense charged. The State argued that the similar transaction evidence showed a course of conduct with the same victim over a period of two years in two different locations. After a hearing, the court granted the motion, and the victim testified that McClain had orally molested her at her aunt's house. The court subsequently cautioned the jury not to consider the evidence for anything other than the limited purpose of showing the defendant's knowledge or intent in relation to the crime for which he was being tried.

1. McClain argues that the trial court erred in allowing the State to mischaracterize his defense during closing argument.

McClain premised his defense on the theory that the victim was the aggressor. He introduced and elicited evidence that the victim grabbed his penis, asked him to teach her to make love, fondled her three-year-old brother, and watched pornographic films. McClain also testified that he feared the victim would grab his older son's penis. In closing, the State argued that the victim "is a child that deserved to have a childhood. Her innocence was ripped from her. And here she's been turned around and blamed. They're calling her a slut, ladies and gentlemen." Although the State's choice of words may not have been the most refined, this inference from McClain's defense was not unreasonable, and the argument was permissible. *Davis v. State*, 187

Ga. App. 517, 522 (4) (370 SE2d 779) (1988).

2. McClain argues that the trial court erred in charging the jury on the entire statutory definition of child molestation without giving a limiting instruction to reflect that the State had to prove the material allegation that he placed his penis in the victim's hand, as charged in the indictment. He maintains that the instruction permitted the jury to find him guilty of performing an indecent act in the presence of a child, rather than the act charged in the indictment.

During deliberations, the jury inquired whether its decision had to be based strictly upon the language in the indictment which charged that McClain "performed an immoral and indecent act . . . by placing his penis in the hand of [the victim]." In response, the court recharged the jury on the statutory definition of child molestation, stating that persons commit the offense of child molestation "when they perform any immoral or indecent act to or in the presence of or with any child under the age of 14 with the intent to arouse or satisfy the sexual desires of either the child or the person." The court also charged that the State bore the burden of proving every material allegation in the indictment. However, over McClain's objection, the court refused to charge that placing McClain's penis in the victim's hand was a material allegation.

In criminal cases, jury instructions must be tailored to fit the allegations in the indictment and the evidence admitted at trial. *Potts v. State*, 207 Ga. App. 863 (1) (429 SE2d 526) (1993). If a jury charge recites the entire definition of a crime and the indictment does not, there is a reasonable probability that the deviation violated the accused's due process rights by resulting in a conviction of a crime committed in a manner not charged in the indictment. *Dukes v. State*, 265 Ga. 422 (457 SE2d 556) (1995). Thus, this court has reversed convictions where the indictment specified that the offense was committed one way and the court charged the jury that it could be committed in two ways without giving a limiting instruction. Id. See, e.g., *Lyman v. State*, 188 Ga. App. 790 (374 SE2d 563) (1988).

In this case, however, McClain's due process rights were not violated because the instruction did not suggest that the jury could convict him for child molestation in any way other than by finding that he placed his penis in the victim's hand. Moreover, " 'the trial judge confined the elements of the crime to those charged in the indictment' [cit.]" by instructing the jury that the State bore the burden of proving every material allegation in the indictment. *Potts v. State*, 207 Ga. App. at 865. This instruction was sufficient to dispel any possible juror confusion about the necessity of convicting McClain for the acts charged in the indictment. Id.

3. McClain argues that the trial court erred by considering the similar transaction evidence presented at trial in determining his sen-

tence.

During the sentencing hearing, the State gave notice of its intention to use the similar transaction evidence presented at trial in aggravation. McClain objected, arguing that because he had not been convicted of committing the similar transaction, it should not be considered at sentencing. The court responded, "I will not consider . . . [the similar transaction] as far as charges brought against him. But I will take into account all of the evidence presented during the trial as to the conduct of the defendant in arriving at a decision as to the appropriate sentence."

In *Boney v. Tims*, 254 Ga. 664 (333 SE2d 592) (1985), the Supreme Court held that "[i]n determining what sentence to impose upon a defendant, a trial court may consider any evidence that was properly admitted during the guilt-innocence phase of the trial. [Cit.]" Id. at 665. Nothing in *Boney* prohibits the application of this rule to properly admitted similar transaction evidence. Moreover, it follows that consideration of such evidence is permissible, inasmuch as sentencing courts are authorized to consider in aggravation "[a]ny lawful evidence which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes. . . ." *Clark v. State*, 186 Ga. App. 106, 108-109 (4) (366 SE2d 361) (1988). Accordingly, we find no error in the trial court's consideration of the similar transaction evidence.

4. McClain argues that the trial court erred while charging the jury on reasonable doubt by stating that "moral and reasonable certainty is all that can be expected in an investigation."

Although in *Vance v. State*, 262 Ga. 236, 237 (2) (416 SE2d 516) (1992), the Supreme Court specifically disapproved this language, the court's charge in this case repeatedly and accurately conveyed the correct concepts of innocence until proven guilty and reasonable doubt. In light of the substantial evidence against McClain, including his own admissions, the court's use of the language at issue was not reversible error "when 'considered in the context of the charge as a whole.' [Cit.]" Id. at 237.

5. McClain argues that the trial court erred by charging the jury that the similar transaction evidence could be considered for purposes other than those for which the State offered it.

The record shows that the State offered the similar transaction evidence to prove a course of conduct with the same victim over a period of time. The court, however, instructed the jurors that the evidence "may be considered for the limited purpose of showing, if it does, the knowledge or intent of the defendant in the crimes charged in the case now on trial."

Before the State may offer similar transaction evidence, it must establish that the evidence is being offered for a proper purpose,

rather than to raise an improper inference which maligns the accused's character. *Williams v. State*, 261 Ga. 640, 641 (2) (409 SE2d 649) (1991). Some of the purposes deemed proper include knowledge, course of conduct, identity, malice, intent, and motive. Id. at 642, n. 2. Although there was a difference between the State's stated purpose and the court's instruction, each of the purposes espoused by both the State and the court were permissible. Id. Moreover, McClain's defense that the victim was the aggressor raised the issue of his intent.

6. Finally, McClain argues that the trial court erred in excusing a prospective juror for cause.

The record shows that the juror stated that he might have problems being fair because his mother recently had been falsely accused of molesting his niece. Although at one point the juror stated that he could make a decision based upon the evidence, he also stated that "too much has happened to make sure I'm fair to everybody," and concluded that he was not comfortable with the case because "it hits too close to home."

The decision to strike a juror for cause lies within the trial court's discretion and will not be disturbed on appeal absent manifest abuse of that discretion. *Davis v. State*, 187 Ga. App. 517, 519 (2) (370 SE2d 779) (1988). In light of all the circumstances, including the juror's expressed doubts regarding his ability to be impartial, we find the trial court did not abuse its discretion. Id.; cf. *Jones v. State*, 232 Ga. 324, 330 (206 SE2d 481) (1974) (a juror's opinion of his qualification is by no means determinative).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 6, 1996 —

*David L. Whitman*, for appellant.
*Daniel J. Porter, District Attorney, Jennifer M. Risley, Assistant District Attorney*, for appellee.