## A07A1539. BENTON v. THE STATE.
(649 SE2d 793)

BLACKBURN, Presiding Judge.

Following a jury trial, Donnie Benton appeals his conviction for stalking, contending that the conviction must be reversed because the jury was not sworn. Because the record does not affirmatively show that the jury was not sworn, we find no reversible error.

In support of his contention, Benton notes that the record does not reflect whether the jury was sworn pursuant to OCGA § 15-12-139, which requires that the judge or clerk of court administer the oath to the trial jury in every criminal case. A conviction by an unsworn jury is a nullity, *Spencer v. State*,[1] and where it appears affirmatively that the jury was not sworn, a subsequent conviction must be set aside "and the case must be remanded for retrial." *Grant v. State*[2] (conviction set aside where the State conceded that the jury oath was never administered).

Here, Benton correctly points out that the record fails to show whether the jury was sworn. However, "[t]he courts of this State have consistently held that the [mere] failure of the record to reflect whether the jury is sworn does not [itself] constitute reversible error." *Stokes v. State*.[3] An appellant bears the burden of showing error affirmatively by the record, *Williams v. State*,[4] and "[w]here the transcript does not fully disclose what transpired at trial, it is the duty of the complaining party to have the record completed pursuant to OCGA § 5-6-41." *Morrison v. State*.[5] As the record is silent as to whether the jury oath was administered, this court is unable to ascertain whether in fact the jury was not sworn, which would constitute grounds for reversal, or whether instead the court reporter merely failed to record it, which would not be reversible error. See *Montford v. State*[6] (court reporter's failure to transcribe the jury oath was not reversible error; appellant's remedy was to have the record corrected).

"The presumption exists that the judge discharged all his duties, including the swearing of the jury." *Bohin v. State*.[7] Thus, where the transcript does not reveal whether the jury oath was administered, this gap must be corrected by a hearing at the trial court, pursuant to OCGA § 5-6-41 (f), to determine whether or not the jury was sworn

---

[1] *Spencer v. State*, 281 Ga. 533, 534 (640 SE2d 267) (2007).

[2] *Grant v. State*, 272 Ga. 213 (528 SE2d 512) (2000).

[3] *Stokes v. State*, 206 Ga. App. 781 (1) (426 SE2d 573) (1992).

[4] *Williams v. State*, 253 Ga. App. 10 (557 SE2d 473) (2001).

[5] *Morrison v. State*, 256 Ga. App. 23, 24 (1) (567 SE2d 360) (2002).

[6] *Montford v. State*, 148 Ga. App. 335 (2) (251 SE2d 125) (1978).

[7] *Bohin v. State*, 156 Ga. App. 206, 208 (6) (274 SE2d 592) (1980).

and to have the record amended accordingly to reflect the findings. See, e.g., *Keller v. State*[8] (hearing to determine whether jury was properly sworn involved the testimony of a juror in the case that oath was administered); *Copeland v. State*[9] (trial court held a hearing and considered affidavits of all 12 jurors in the case, as well as affidavits of the prosecuting attorney and defense counsel).

As the record now before us fails to affirmatively reflect that the oath was not administered to the jury, we discern no reversible error. See *Stokes v. State*, supra, 206 Ga. App. at 781 (1).

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED JULY 9, 2007 —
RECONSIDERATION DENIED JULY 23, 2007 — 

*Larkin M. Lee*, for appellant.
*Richard G. Milam, District Attorney, Rita B. Lewis, Assistant District Attorney*, for appellee.

---

[8] *Keller v. State*, 271 Ga. App. 79, 81-82 (4) (608 SE2d 697) (2004).
[9] *Copeland v. State*, 139 Ga. App. 55, 57 (2) (227 SE2d 850) (1976).