A08A1240. ANDREWS v. THE STATE.
(667 SE2d 212)

SMITH, Presiding Judge.

James Rondy Andrews appeals from his conviction for possession of methamphetamine. In his sole enumeration of error, he asserts that the trial court erred by failing to inform him and his counsel about a question submitted by one or more members of the jury after the close of evidence. We affirm, because Andrews has failed to meet his burden of demonstrating error based upon the record before us.

The record shows that after the jury left the courtroom to deliberate, the trial court instructed counsel to "assemble the evidence and certify to the Court that the evidence turned over to the bailiff is all duly admitted. . . ." The trial transcript then states:

> THE COURT: . . . All right. The jury is starting to deliberate at five minutes after 4:00. 4:05.
>
> (Whereupon, a brief break was taken.)
>
> THE COURT: I don't know the source of this. It was handed to me just as the jury was walking out, which is obviously too late to give anybody a consideration. But it is a question. I will simply make it a part of the record. We don't have a C-1 here, do we?
>
> COURT REPORTER: No, sir.
>
> (Whereupon, Court's Exhibit No. 1 was marked for identification.)
>
> (Whereupon, a brief break was taken.)

Exhibit C-1 is a handwritten note that states, "Why were they out at 3:00?"

Following his conviction, Andrews filed a motion for new trial in which he asserted the trial court "committed an error of law warranting a new trial." The trial court held a hearing and denied the motion for new trial in a one-sentence order that did not include an explanation of the judge's reasoning. The record before us does

not include a transcript of the motion for new trial hearing, and communication with the superior court clerk's office has confirmed that the motion for new trial hearing was not taken down by a court reporter.

Andrews relies upon the following mandate by the Georgia Supreme Court in support of his claim that he is entitled to a new trial:

> [W]e take this opportunity to require trial courts to have jurors' communications submitted to the court in writing; to mark the written communication as a court exhibit in the presence of counsel; to afford counsel a full opportunity to suggest an appropriate response; and to make counsel aware of the substance of the trial court's intended response in order that counsel may seek whatever modifications counsel deems appropriate before the jury is exposed to the instruction.

*Lowery v. State*, 282 Ga. 68, 76 (4) (b) (ii) (646 SE2d 67) (2007). Andrews asserts that the trial court violated this mandate by placing the question on the record outside the presence of counsel. The State disputes this claim and asserts that both counsel were present. There is no notation in the trial transcript that counsel were either present or absent when the question was made a part of the record.

Because we cannot determine from the record before us whether appellant's counsel was present or absent, we must affirm. "An appellant bears the burden of showing error affirmatively by the record." (Citation and footnote omitted.) *Benton v. State*, 286 Ga. App. 736 (649 SE2d 793) (2007). In this case, the trial transcript standing alone cannot satisfy this burden. While this issue may have been addressed in the motion for new trial hearing, no transcript exists for that hearing. Because the trial transcript does not affirmatively show that the trial court placed the question in the record outside the presence of counsel, we must apply the presumption that the trial judge discharged his duties properly and affirm. See id. at 736-737.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED AUGUST 27, 2008.

*Donna A. Seagraves*, for appellant.

*Richard K. Bridgeman, District Attorney, Kristopher M. Bolden, Assistant District Attorney*, for appellee.