A09A1781. JAMALE v. THE STATE.

(690 SE2d 420)

MILLER, Chief Judge.

A jury convicted Mohamed Jamale a/k/a Omary Hagi of robbery by intimidation as a lesser included offense of one count of armed robbery (OCGA § 16-8-41) and single counts of burglary (OCGA § 16-7-1) and misdemeanor obstruction of a law enforcement officer (OCGA § 16-10-24 (a)). Jamale appeals, contending that the trial court erred in (i) denying his motion for a directed verdict of acquittal as to the armed robbery and burglary counts; (ii) sentencing him upon his conviction of robbery by intimidation as a lesser included offense of armed robbery and upon considering that he possessed a firearm during the commission of the offenses notwithstanding his acquittal on all such counts; and (iii) denying his motions for a mistrial for prejudice arising out of the testimony of two of the State's witnesses to the effect that he was incarcerated at the time of trial and rebutting a defense witness' claim on direct that he had not spoken to him since the time of their arrest. Discerning no error, we affirm.

> On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction. The issue . . . is whether, based on the evidence presented, a rational finder of fact could have found the accused guilty of the charged offenses beyond a reasonable doubt. Leaving the resolution of conflicting or contradictory testimony and the credibility of the witnesses to the jury, we construe the evidence in favor of the jury's verdicts. In this regard, even though a witness may recant on the stand, his prior inconsistent statements constitute substantive evidence on which the jury may rely.

(Punctuation and footnotes omitted.) *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001). This Court reviews the denial of a motion for mistrial for abuse of discretion. *Underwood v. State*, 218

Ga. App. 530, 534 (3) (462 SE2d 434) (1995).

So viewed, the evidence shows that on the night of July 28, 2005, Jibril Hersi appeared at Dipal Patel's apartment to buy marijuana. Hersi gave Patel $40 and left the apartment, leaving the door partially open. Patel, in turn, went to his bedroom to get the marijuana that Hersi had purchased. When he returned to the living room of the apartment, Patel was met by Hersi, an unidentified third person, and Jamale as they came through the front door uninvited. Hersi and the third person, who were armed with knives, and Jamale, armed with a revolver, approached Patel directly whereupon the third person hit Patel in the face and then dragged him to the kitchen where he struck Patel again. While in the kitchen, Jamale held Patel at gunpoint as the third person took a cell phone from Patel's pocket. Patel's roommate, Antonio Ellis, then emerged from his bedroom, observed the commotion, and ran out the front door to alert a neighbor, off-duty State Trooper C. E. Parker, of the situation. Jamale ran from the apartment in pursuit. Hersi, in the meantime, grabbed an Xbox gaming console and a jar containing the marijuana he had purchased and proceeded down the stairs from Patel's apartment. There he was apprehended by Trooper Parker with the items he had taken. Subsequently, Trooper Parker and Sergeant Aubrey Epps, of the Athens-Clarke County Police Department, apprehended Jamale in the wood line adjacent to the apartment complex's parking lot. Sergeant Epps searched Jamale and, in his left front pocket, found a jar which contained a green leafy substance which later field tested positive for marijuana.

1. Jamale contends that the trial court erred in denying his motion for a directed verdict of acquittal as to the armed robbery and burglary counts. We disagree.

"It is well-settled in Georgia that there is no error in denying a defendant's motion for a directed verdict of acquittal where the evidence is sufficient to authorize a rational jury to find a defendant guilty beyond a reasonable doubt." (Citations and punctuation omitted.) *Davis v. State*, 292 Ga. App. 782, 783-784 (1) (666 SE2d 56) (2008).

(a) *Armed robbery.* As to the armed robbery count, Jamale argues that he was entitled to a directed verdict of acquittal because, having left the premises before Hersi took the Xbox, he was not a party to the crime.

> (a) Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime.
>
> (b) A person is concerned in the commission of a crime

only if he:

> (1) [d]irectly commits the crime;
>
> . . .
>
> (3) [i]ntentionally aids or abets in the commission of the crime; or
>
> (4) [i]ntentionally advises, encourages, hires, counsels, or procures another to commit the crime.

OCGA § 16-2-20. If, however, another individual was the actual perpetrator of the armed robbery, mere presence at the scene will not "establish that the defendant was a party to the crime. Proof that the defendant shares a common criminal intent with the actual perpetrator[ ] is necessary, and may be inferred from the defendant's conduct before, during, and after the crime." (Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 32 (1) (644 SE2d 837) (2007).

Here, the evidence shows that Jamale and the unidentified third person entered Patel's apartment without authority and in the company of Hersi, who only minutes before had purchased marijuana from Patel. While there, Jamale assisted the unidentified third person in holding Patel in the kitchen and in taking his cell phone as Hersi ransacked the apartment seeking Patel's valuables. Only upon the appearance of eyewitness Ellis, who ran from the apartment for help, did Jamale flee from the scene, taking a jar containing marijuana which belonged to Patel. Hersi would later do likewise in addition to taking Patel's Xbox. Once outside the apartment, Jamale chose to remain in the area, hiding in a wood line just off the parking lot until he realized that Trooper Parker and Sergeant Epps had seen him and were in pursuit. Given the foregoing, there was sufficient evidence upon which a jury could conclude beyond a reasonable doubt that Jamale was guilty of armed robbery as a party to the crime. *Pruitt*, supra, 282 Ga. at 32 (1).

(b) *Burglary*. Jamale argues, consistent with his testimony at trial, that he was entitled to a directed verdict of acquittal on the burglary count because Patel invited him into his apartment when he and Hersi first came to Patel's door. See OCGA § 16-7-1 (a) ("A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ."). Given his failure to support this claim of error by reference to the record, Jamale has abandoned the same on appeal. See Court of Appeals Rule 25 (c) (2) (i) ("In the absence of such reference, [this] Court will not search for or consider such enumeration.").

2. Next, Jamale argues that the trial court erred in: (i) sentencing him upon his conviction of robbery by intimidation, as a lesser included offense of armed robbery, because he was acquitted of theft

by taking the alleged object of the robbery, and (ii) explicitly considering that he possessed a firearm during the commission of the offenses when the jury acquitted him of all counts associated with his possession thereof. In essence, Jamale argues the inconsistent verdict rule in both instances. Inasmuch as the Supreme Court of Georgia has disapproved such rule in criminal cases (*Milam v. State*, 255 Ga. 560, 562 (341 SE2d 216) (1986)), we are not persuaded.

The inconsistent verdict rule was abolished because

> inconsistent verdicts . . . should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion . . . , and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion. . . . The fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable. We also reject, as imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them. Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake.

(Citations and punctuation omitted.) *Villagomez v. State*, 279 Ga. App. 686, 688-689 (632 SE2d 400) (2006).

(a) *Sentencing upon robbery by intimidation.* Based on the evidence, a reasonable jury could have concluded that Jamale aided Hersi in the commission of the offense of robbery by intimidation even while it acquitted him of the theft by taking count, finding that Hersi, not he, had actually taken the Xbox, which was the object taken in the robbery.

(b) *Sentencing upon possession of a firearm.* Jamale argues that the trial court's consideration of his possession of a firearm during the commission of the offenses was error — this as inconsistent with acquittals of any offense involving his possession of a firearm. Given the abolition of the inconsistent verdict rule, we need not reach such claim of error. *Villagomez*, supra, 279 Ga. App. at 688-689. Even were it otherwise, at sentencing, a trial court may consider "[a]ny lawful evidence which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes." (Citation and punctuation omitted.) *McClain v. State*, 220 Ga. App. 474, 476 (3) (469 SE2d 756) (1996). Sentencing

YALE LAW LIBRARY

considerations include "all aspects of the crime." (Citation omitted.) *Ansley v. State*, 197 Ga. App. 765 (399 SE2d 558) (1990). Here, one aspect of Jamale's conviction of robbery by intimidation was Patel's testimony that Jamale held him at gunpoint in the kitchen while Hersi went after his valuables elsewhere in the apartment.

Under these circumstances, we find Jamale's claims of error as to sentencing to be without merit.

3. Jamale last contends that the trial court erred in denying his motions for a mistrial based upon (i) defense witness Hersi's testimony on cross-examination which indicated that he was incarcerated at the time of trial, and (ii) police testimony rebutting Hersi's claim on direct that he had not spoken to Jamale since the time of his arrest. Jamale fails to support these claims of error by citation of authority, whether to the transcript or applicable law. Accordingly, we deem them abandoned on appeal. Court of Appeals Rule 25 (c) (2) (i).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JANUARY 6, 2010 —
RECONSIDERATION DENIED JANUARY 27, 2010 —

*Benjamin A. Pearlman*, for appellant.
*Kenneth W. Mauldin, District Attorney, Leslie S. Jones, Assistant District Attorney*, for appellee.