**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J., and REESE, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 21, 2017**

# In the Court of Appeals of Georgia

A17A0531. DOWDA v. THE STATE

MILLER, Presiding Judge.

Following a jury trial, Cody W. Dowda was convicted of criminal trespass. (OCGA § 16-7-21 (b) (1)).[1] Dowda appeals from the denial of his motion for new trial, contending that (1) the evidence was insufficient to support his conviction; (2) the trial court erred in admitting hearsay and character evidence; and (3) the trial court erred in failing to allow defense counsel to read and respond to a jury note which evidenced juror confusion. As set forth herein, the evidence was sufficient to sustain Dowda's conviction for trespass and the admission of any hearsay was harmless; however, the trial court was required to give defense counsel an

---

[1] The jury acquitted Dowda of an additional misdemeanor charge of attempted theft by taking firewood (OCGA §§ 16-4-1 and 16-8-2).

opportunity to review the jury note and to suggest an appropriate response. Because the trial court failed to do so, we reverse Dowda's trespass conviction. We note, however, that the State is entitled to retry Dowda because the evidence supported his conviction.

Viewed in the light most favorable to Dowda's conviction,[2] the evidence showed that the victim lived with her daughter and granddaughter in Douglas County. On September 23, 2014, the victim's granddaughter saw a white pick-up truck back up onto the victim's property and stop about "two steps" from a woodpile the victim kept on her property about 25 yards from the roadway. The granddaughter saw Dowda, who was wearing a bright orange shirt, standing by the right side of the truck's tailgate, "pretty close" to the wood pile.

The granddaughter then phoned her mother and said that there were two people in a truck backed up to the victim's firewood pile. The victim and her daughter came running out of the house and saw the white pick-up on her property with the tailgate up against her woodpile. The truck did not appear to be stuck.

The victim and her daughter saw the truck pull out, drive up the street, turn onto another road, and stop. Two "boys" were inside the truck at that time, and one

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

of them had dark hair and was wearing a bright orange shirt. Shortly thereafter, the boys abandoned the truck on a nearby street.

The victim called 911 and when the investigating officer arrived she went over to where the truck was parked. The investigating officer determined that the truck belonged to Dowda's father, who lived nearby. The officer then went to Dowda's home and told Dowda's father that the truck had been impounded. The father called Dowda, and the officer spoke with Dowda on the phone and asked him to return home.

Dowda arrived at his home on foot about five to ten minutes later wearing a bright orange shirt, and he told the officer that the truck had broken down. The officer testified that there were tire tracks in the victim's grass going from the street curb up to five feet from the woodpile, and that the tire tracks were inconsistent with a broken-down vehicle.

Dowda was accused of criminal trespass and criminal attempt to commit a misdemeanor (theft by taking). Following a jury trial, he was convicted of the criminal trespass count, but acquitted of the criminal attempt count. Dowda now appeals.

1. On appeal, Dowda contends that the evidence was insufficient to support his conviction for criminal trespass. We disagree.

A person commits the offense of criminal trespass when he "knowingly and without authority. . . [e]nters upon the land or premises of another person . . . for an unlawful purpose[.]" OCGA § 16-7-21 (b) (1).

Here, the victim's granddaughter saw Dowda back the truck onto the victim's property and stop it next to the woodpile, and Dowda fled in the truck and abandoned it on a nearby street right after he was spotted by the victim and her daughter. Moreover, Dowda's explanation that the truck had broken down was inconsistent with the tire tracks on the victim's property, as well as the witnesses' testimony that the truck did not appear to be stuck. This evidence authorized the jury to find that Dowda knowingly and without authority backed the white pickup truck onto the victim's property for the unlawful purpose of taking the victim's firewood.[3]

---

[3] We note that the jury was entitled to conclude that Dowda committed the offense of trespass, even though it acquitted him of the charge of attempted theft, because Georgia has abolished the inconsistent verdict rule. See *Jamale v. State*, 302 Ga. App. 140, 143 (2) (a) (690 SE2d 420) (2010) (jury could have concluded that defendant committed robbery by intimidation even while it acquitted him of theft); *Matthiessen v. State*, 277 Ga. App. 54, 56-57 (4) (625 SE2d 422) (2005) (defendant's acquittal on theft by deception charge did not require reversal of his conviction for theft by taking).

4

Consequently, the evidence was sufficient to support Dowda's conviction for criminal trespass. See *Harris v. State*, 222 Ga. App. 56, 57 (1) (473 SE2d 229) (1996) (evidence that defendant was found walking up the stairs of a burglarized fraternity house at 3:00 a.m. was sufficient to support a finding of unlawful purpose in support of his conviction for criminal trespass); *Smith v. State*, 226 Ga. App. 150, 151 (1) (485 SE2d 538) (1997) (evidence that a man matching defendant's description had chiseling tools and left a building shortly after the building's door was chiseled open was sufficient to support his criminal trespass conviction).

2. In two enumerations of error, Dowda also contends that the trial court erroneously admitted hearsay evidence at his trial. Specifically Dowda argues that the trial court erred in allowing (1) the victim to testify about her granddaughter's phone call, and (2) the officer to testify about Dowda's father's demeanor when the officer told the father why he had to impound the truck. Because these alleged errors could recur on retrial, we address them here. Nevertheless, we find no reversible error as to these enumerations.

a. The Victim's Testimony

Any error in admission of the victim's testimony about the granddaughter's phone call was harmless because the victim's testimony was cumulative of the

5

testimony of both the daughter and the granddaughter about that same call. Moreover, Dowda did not object to the daughter's or the granddaughter's testimony at trial, and he does not challenge their testimony on appeal. Consequently, Dowda has not shown reversible error in the admission of the victim's testimony. *Rutledge v. State*, 298 Ga. 37, 40 (2) (779 SE2d 275) (2015) (any error in admitting out-of-court statement was harmless because it was cumulative of other evidence admitted at trial).

b. The Officer's Testimony

Dowda argues that the trial court erred in admitting the officer's testimony regarding the demeanor of Dowda's parents on the ground that this testimony constituted improper hearsay.[4] We disagree.

Here, the investigating officer testified that he identified Dowda's father as the owner of the abandoned truck, and he went to Dowda's home and met with Dowda's parents. The officer then testified that, when he told the parents that the truck had to be towed, they "were not shocked. They made it sound like this was something very plausible that their son could have been involved in. They were upset that the truck

---

[4] Dowda also argues that the officer's testimony constituted improper character evidence. At trial, however, Dowda raised only a hearsay objection to that testimony. Consequently, Dowda has waived this argument on appeal. *Geiger v. State*, 295 Ga. 648, 653 (4) (b) (763 SE2d 453) (2014).

had to be towed." Even if the trial court erroneously admitted the officer's testimony about the parents's demeanor, it is highly probable that it did not contribute to the jury's verdict in light of the eyewitness testimony and other cumulative evidence presented against Dowda in this case. See *Glispie v. State*, 300 Ga. 128, 132 (1) (793 SE2d 381) (2016).

3. Dowda also contends that the trial court erred in failing to allow defense counsel to read and respond to a note the jury sent out during its deliberations that clearly showed that the jury was confused and had not reached a unanimous verdict. We agree, and consequently we reverse Dowda's trespass conviction.

Here, the record shows that, after about three hours of deliberation, the trial judge received a note from the jury, which stated: "Sir, we cannot reach a unanimous decision[.]" The note indicated that the jury had voted "4 - not guilty based on evidence [and] 2 - innocent on evidence." The note did not indicate whether the jury was split on both counts, just the trespass count, or just the attempted theft count, but it clearly evidenced confusion as to the charges received by the jury. When the trial court received the note from the jury, the trial court merely informed defense counsel and the State that the note said that the jury could not reach a unanimous verdict. The trial court did not show the note to defense counsel, advise defense counsel of its

entire content, or afford defense counsel an opportunity to suggest an appropriate response in light of the entire content of the note. Instead, the trial court brought the jury back in and encouraged them to continue discussing the case.

Both the Supreme Court of Georgia and this Court have recognized that "the failure of the trial court to inform counsel of the contents of [a jury note] and to seek comment or input in the formulation of the court's response [constitutes] a violation of [a defendant's] right to counsel." *Lowery v. State*, 282 Ga. 68, 74-75 (4) (b) (ii) (646 SE2d 67) (2007); see also *Wells v. State*, 297 Ga. App. 153, 161 (2) (676 SE2d 821) (2009); *Andrews v. State*, 293 Ga. App. 445, 446 (667 SE2d 212) (2008). In light of this constitutional right, the Supreme Court requires trial courts

> to have jurors' communications submitted to the court in writing; to mark the written communication as a court exhibit in the presence of counsel; to afford counsel a full opportunity to suggest an appropriate response; and to make counsel aware of the substance of the trial court's intended response in order that counsel may seek whatever modifications counsel deems appropriate before the jury is exposed to the instruction.

*Lowery*, supra, 282 Ga. App. at 76 (4) (b) (ii). Here, given the jury's obvious confusion, the trial court's failure to provide counsel with an opportunity to review the jury note and know its full contents and then discuss the trial court's response to

8

the note was not harmless error. Instead, the action of the trial court kept the defendant's counsel ignorant to the jury's confusion and deprived defendant of his right to counsel. See id. Unfortunately, as a consequence, we must reverse Dowda's trespass conviction. In so holding, we note that the State is entitled to retry Dowda on the trespass charge because, as discussed in Division 1, the evidence was sufficient to support his conviction for that offense. *Wells*, supra, 297 Ga. at 153-154.

*Judgment reversed. Doyle, C. J., and Reese, J., concur*.