**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 13, 2020**

# In the Court of Appeals of Georgia

A19A2105. MURPHY v. THE STATE.

McFADDEN, Chief Judge.

After cashing a counterfeit check at a bank, Samuel Earl Murphy was indicted for third-degree forgery (OCGA § 16-9-1 (d)) and theft by taking (OCGA § 16-8-2). On the day he was scheduled to go to trial he fled from the courthouse, and he subsequently pled guilty to and was convicted of bail jumping (OCGA § 16-10-51 (a)). At Murphy's later trial on the forgery and theft offenses, his trial counsel did not object when the state presented evidence of his bail-jumping conviction. His trial counsel also did not object when, upon receipt of a question from the jury during deliberations, the trial court paraphrased it for counsel and did not share its disclosure of an eleven-to-one split in favor of conviction.

The jury found Murphy guilty on both counts. On appeal, Murphy argues that the trial court erred in withholding from counsel the jury's disclosure of their eleven-to-one split. But he has not shown that this was plain error. He also argues that his trial counsel's failure to object to the trial court's handling of the jury note and his failure to object to the admission of evidence of his bail-jumping conviction constituted ineffective assistance of counsel. But he has not shown both deficient performance and prejudice. So we affirm.

1. *Facts.*

Viewed in the light most favorable to the verdict, the trial evidence showed that on May 17, 2016, Murphy cashed a check for $1545.65 at a branch of the Wells Fargo bank. The check, which was made out to Murphy, purported to be written on the account of a business located in Alabama. But Murphy had no connection with the business, and the business had not written the check to Murphy or authorized it to be cashed. Instead, it was a counterfeit check, fabricated with the business's account and routing numbers. Ultimately the bank reimbursed the business and bore the loss for the check.

2. *Jury note.*

During its deliberations, the jury sent the trial court a note that stated: "11-1 guilty on both counts. At an impasse. Suggestions[?]" The trial court informed counsel and Murphy of the note and paraphrased its contents, telling them:

> I have received a note from the jury, and the information that is on the note sends me the very clear message that they are not in agreement on a verdict at this point in time, and they feel like even though they've been deliberating a whole hour that they're not going to be able to make any progress, and so they have asked for suggestions. They've also disclosed some other information in this note that I'm making the decision that I'm not going to share with the lawyers or Mr. Murphy at this point in time. I will make this note a record later in — part of the record later in this case, but right now I'm not going to.

The trial court and counsel discussed the trial court's intended response. After receiving counsel's input, the trial court then instructed the jury as follows:

> Ladies and gentlemen, I have received your note. The court has reviewed it. Just me. I'm the only one who has reviewed it at this point in time, and I understand that you guys are having some difficulty coming to an agreement. However, I would like to encourage you to continue your deliberations. It is your duty to deliberate, so I would ask you to go back and continue your deliberations. Thank you very much.

3

Murphy argues that the trial court violated his right to counsel by failing to "divulge in full" the note's contents, specifically the eleven-to-one vote split. He did not make this objection to the trial court below but argues that the trial court's actions constituted plain error. Assuming without deciding that plain-error review applies to this type of challenge, Murphy "must demonstrate that the . . . error was not affirmatively waived, was obvious beyond reasonable dispute, likely affected the outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Hood v. State*, 303 Ga. 420, 425 (2) (a) (811 SE2d 392) (2018). He has not done so, because he has not shown that this claimed error was obvious beyond reasonable dispute.

It is true that "the failure of the trial court to inform counsel of the contents of a jury note *and* to seek comment or input in the formulation of the court's response constitutes a violation of a defendant's right to counsel." *Dowda v. State*, 341 Ga. App. 295, 299 (3) (799 SE2d 807) (2017) (citations and punctuation omitted; emphasis supplied). A trial court must

> have jurors' communications submitted to the court in writing; . . . mark the written communication as a court exhibit in the presence of counsel; . . . afford counsel a full opportunity to suggest an appropriate response; and . . . make counsel aware of the substance of the trial court's intended

4

response in order that counsel may seek whatever modifications counsel deems appropriate before the jury is exposed to the instruction.

*Lowery v. State*, 282 Ga. 68, 76 (4) (b) (ii) (646 SE2d 67) (2007).

But "the numerical division between guilt and innocence during a jury's deliberation is not normally available to a defendant" and a trial court may omit that information when informing counsel of the contents of a jury note. *Youmans v. State*, 270 Ga. App. 832, 833 (1) (608 SE2d 300) (2004). We discern no obvious error where, as here, the trial court communicated the substance of the note to counsel, informed counsel of his intended response, expressly sought comment and input from counsel, incorporated that input into the response ultimately given to the jury, and later marked the jury note as an exhibit and put it into the record.

Because Murphy has not shown an obvious error, he has not shown plain error. *Hood*, 303 Ga. at 425 (2) (a).

3. *Ineffective assistance of trial counsel.*

Murphy argues that his trial counsel was ineffective in failing to object both to the trial court's handling of the jury note and to the admission of evidence of his bail-jumping conviction. To prevail on this claim, he "must prove both that his counsel's performance was professionally deficient and that, but for the unprofessional

5

performance, there is a reasonable probability that the outcome of the proceeding would have been different. [Cit.] We need not review both elements of this test if [Murphy] fails to prove one of them." *Stripling v. State*, 304 Ga. 131, 138 (3) (b) (816 SE2d 663) (2018). See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). In this case, Murphy has not shown prejudice as to either alleged deficiency.

(a) *Jury note.*

Murphy argues that his trial counsel was ineffective for failing to object when the trial court paraphrased the contents of the jury note rather than reading it verbatim. As detailed above, the trial court's actions in response to the note were not plain error, and

> the test for harm under plain error review is equivalent to the test in ineffective assistance of counsel cases for whether an attorney's [allegedly] deficient performance has resulted in prejudice of constitutional proportions. As a result, [Murphy's] ineffective assistance claims based on [trial counsel's performance in connection with the jury note] are without merit.

*Williams v. State*, 304 Ga. 455, 460 (3) n.4 (818 SE2d 653) (2018) (citation and punctuation omitted).

6

(b) *Bail-jumping conviction.*

Murphy argues that his trial counsel was ineffective for failing to object to the evidence that he fled the courthouse on the day he was to be tried and so was convicted of bail-jumping. Our new Evidence Code limits the admission of evidence of other criminal acts, see OCGA § 24-4-404 (b) ("Rule 404 (b)"), but those limitations "do not apply to 'intrinsic evidence.'" *Hill v. State*, 351 Ga. App. 58, 65 (3) (c) (830 SE2d 478) (2019) (citation and punctuation omitted). See *Baughns v. State*, 335 Ga. App. 600, 602 (1) (782 SE2d 494) (2016) (Georgia's prior rule regarding the admissibility of "res gestae" evidence was "carried forward to the new Evidence Code under the concept of 'intrinsic facts' evidence, as compared to evidence of 'extrinsic acts' which are generally inadmissible pursuant to OCGA § 24-4-404 (b)"). The trial court held that the evidence of Murphy's conviction for bail-jumping was admissible as intrinsic evidence.

Murphy argues that the flight in this case does not meet the definition of "intrinsic evidence" that Georgia has adopted from the Eleventh Circuit. Under that definition,

> [e]vidence is admissible as intrinsic evidence when it is (1) an
> uncharged offense arising from the same transaction or series of

transactions as the charged offense; (2) necessary to complete the story of the crime; or (3) inextricably intertwined with the evidence regarding the charged offense. . . . [E]vidence of other acts is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted.

*Williams v. State*, 302 Ga. 474, 485-486 (IV) (d) (807 SE2d 350 (2017) (citations and punctuation omitted). It is arguable that Murphy's flight does not fall within any of those categories.

But even if we assume for purposes of argument that the evidence of Murphy's bail-jumping conviction was *not* intrinsic, and that his trial counsel performed deficiently in failing to object to its admission on that ground, Murphy has not shown that this alleged deficiency prejudiced him. The evidence of his guilt was overwhelming; it showed that he cashed a check for over $1500 made out to him on the account of a business in another state with which he had no connection. "[B]ecause the evidence of [his] guilt was overwhelming, he has failed to show that he was prejudiced by counsel's alleged deficient performance. Accordingly, his claim of ineffective assistance of counsel is without merit." *Taylor v. State*, 303 Ga. 583, 585 (2) (814 SE2d 302) (2018).

8

(c) *Cumulative effect of alleged deficient performance.*

"Although we have evaluated each of [Murphy's] claims of ineffective assistance of counsel separately, we also recognize that the effect of prejudice from counsel's deficient performance is viewed cumulatively." *Bentley v. State*, 307 Ga. 1, 11 (2) (d) (834 SE2d 549) (2019) (citation and punctuation omitted). We have considered the cumulative effect of the deficiencies assumed above and "conclude that they do not establish a reasonable probability that the result of [Murphy's] trial would have been different in the absence of the deficiencies alleged." Id.

*Judgment affirmed. McMillian, P.J., and Senior Appellate Judge Herbert E. Phipps concur*.